**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Alan BURCH,
Defendant–Appellant.**

**No. 88–2680.**

United States Court of Appeals,
Fifth Circuit.

May 10, 1989.

Roland E. Dahlin, II, Marjorie A. Meyers, Federal Public Defenders, Houston, Tex., for defendant-appellant.

Frances H. Stacy, Paula C. Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and DAVIS, Circuit Judges.

CLARK, Chief Judge:

James Alan Burch pleaded guilty to one count of conspiracy to possess marijuana with the intent to distribute it and was sentenced to five years imprisonment, the maximum term allowable under the statute. 21 U.S.C. § 846. He appeals from the imposition of this sentence, arguing that the district court failed to follow proper sentencing procedures and misapplied the sentencing guidelines. He does not challenge the underlying conviction. Finding procedural omissions which affected defendant's substantial rights, we vacate the sentence and remand this action to the district court with directions.

I.

In February of 1988, customs agents received information from a previously reliable informant that two men intended to smuggle marijuana into the United States from Mexico on a 15–foot sailboat. The informant described the vehicle and driver that had transported the sailboat and the marijuana to the riverbank. Near noon of the same day, customs agents spotted a van and driver that matched the informant's description and placed them under surveillance. The agents stopped the van later that evening and arrested James Alan Burch, the driver, and George Pickell for suspected smuggling. Fifty-four pounds of marijuana were found in the van. After his arrest, Pickell voluntarily led the agents to another fifty-one pounds of marijuana that were still at the river's edge. Burch later pled guilty to one count of conspiracy to possess less than 50 kilograms (approximately 110 pounds) of marijuana with the intent to distribute it, in violation of 21 U.S.C. § 846, and was sentenced to the maximum statutory period of incarceration of five years and a three-year term of supervised release.

The sentencing guidelines score Burch's offense at level 20. The presentence report recommended that the offense level be adjusted upward two levels because Burch was a leader or organizer, see guideline 3B1.1, but also recommended that Burch be awarded a two-level reduction for accepting responsibility for his conduct, guideline 3E1.1. Burch had a criminal history category of II. Based upon this offense level and criminal history category, the guidelines set the range of permissible imprisonment at 37–46 months.

Burch objected to the report. He argued that the level 20 offense finding, which was based upon the entire 105 pounds of marijuana found at the scene, was too high. Burch was indicted for possession of only the 54 pounds found in the van, not the additional 51 pounds that Pickell disclosed. Based solely on possession of the 54 pounds, Burch's offense would score an 18, reducing the permissible range of punishment to 30–37 months imprisonment.

Burch also objected to the classification of his role in the offense as that of a leader or organizer. If both of Burch's objections had been sustained, his offense would have placed at level 16, which allows a range of 24–30 months imprisonment. The government did not object to the presentence report.

The district court did not rule on Burch's objections or make explicit factual findings in regard to his objections. Instead, the district court departed from the recommended sentencing range and imposed the statutory maximum period of confinement. The court justified this departure with two stated reasons—Burch's social history and his criminal past. The court noted Burch's education, apparent intelligence, maturity, and social background. The court contrasted Burch with "people who are 17 years old and don't know better," and stated, "the system has not been harsh with you...." The court described Burch as "one of the top persons, scholastically speaking, all your education pursuits, an extremely gifted, talented individual. You are not the ordinary person who walks through here." The district court also noted Burch's previous involvement in drug activities. It was on the basis of these factors that the court imposed the maximum statutory punishment.

On appeal, Burch argues that the district court committed reversible error in failing to make specific findings with respect to Burch's challenges to the presentence report and in utilizing Burch's social and criminal history as reasons for departing from the guidelines. Burch's challenges do not encompass his conviction.

## II.

Under the sentencing guidelines, the presentence report and the defendant's objections to that report are essential considerations in proper sentencing. The report forms the factual basis for the judge's sentencing determination. Congress, in recognition of this fact, deleted provisions of Federal Rule of Criminal Procedure 32(c) that permitted the defendant to waive the presentence report. Now, waiver is permitted only when the district judge notes on the record why sufficient information is available from other sources. Fed.R. Crim.P. 32(c)(1). *See also* Sentencing Guideline 6A1.2, commentary; S.Rep. No. 225, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3254–57. The Sentencing Commission explained the reason for the heightened importance of the presentence report under the guidelines:

> In current practice, factors relevant to sentencing are often determined in an informal fashion. The informality is to some extent explained by the fact that particular offense and offender characteristics rarely have a highly specific or required sentencing consequence. This situation will no longer exist under sentencing guidelines. The court's resolution of disputed sentencing factors will usually have a measurable effect on the applicable punishment. More formality is therefore unavoidable if the sentencing process is to be accurate and fair.

Sentencing Guideline 6A1.3, commentary.

The importance of the report and the factual background it provides is no less critical in cases in which the district court departs from the guidelines. The guidelines explicitly require that the sentencing court resolve disputed sentencing factors, without regard to whether the court ultimately determines that a departure from the guidelines is warranted. Sentencing Guideline 6A1.3(b). Without a clear resolution of the facts that form the basis for the district court's sentence, this court cannot gauge either the need for or reasonableness of the departure. Failure to resolve such disputes also prevents appellate review of disputed allegations which, left intact, could affect the place of the defendant's incarceration and his relationship with correctional agencies after release from prison. *See United States v. Velasquez,* 748 F.2d 972, 974 (5th Cir.1984).

The failure to comply with Rule 32(c) and guideline 6A1.3(b) requires that we vacate Burch's sentence and remand this action for resentencing. *Id.* The method by which the district court chooses to address the requirements of Rule 32(c) and guide-

line 6A1.3(b) in a given case is for that court to select. As the guidelines direct, "[t]he sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." Sentencing Guideline 6A1.3, commentary. The only requirement we make is that the record reflect the trial court's resolution of any disputed sentencing factors in accordance with the federal rules and the guidelines.

### III.

■ On remand, the district court must also redetermine, in light of its fact findings, whether a departure is warranted. Our statutory mandate requires us, in a case in which the sentencing court misapplies the guidelines, to "remand the case for further sentencing proceedings with such instructions as the court considers appropriate...." 18 U.S.C. § 3742(e)(1). In this case, the statute's command to give appropriate instructions requires that we give directions concerning the district court's consideration of the defendant's social and criminal history as factors justifying a departure from the guidelines.

A sentencing court may depart from the guidelines and impose a sentence outside the guideline range, if the court finds "that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The sentencing court must state the reasons for the departure, and the sentence imposed must be reason-

able in light of the articulated reasons. 18 U.S.C. § 3742(e)(2). The sentencing guidelines list a number of factors that may never be considered as either aggravating or mitigating circumstances—race, sex, national origin, creed, religion, and socio-economic status. Sentencing guideline 5H1.-10. Other factors are generally irrelevant, except in extraordinary cases—e.g., age, education, and family and community ties. *Id.* at 5H1.1; 5H1.2; 5H1.6.

Burch argues that the district court considered impermissible factors in departing from the guidelines, namely Burch's education, sophistication, and his criminal past. We agree. The court stated that it was departing from the guideline, in part, because Burch was "one of the top persons, scholastically speaking," was a "gifted, talented individual," and because "the system [had] not been harsh with [him]." It is clear from these stated reasons that the court was sentencing Burch based upon his education and his socio-economic status. The court apparently reasoned that an individual who possessed ample ability and opportunity to pursue an education and career yet chose to commit criminal acts should be dealt with more harshly than a criminal who had been denied such advantages. The guidelines do not permit such distinctions.[1]

■ In adopting the guidelines, Congress abandoned the maxim that "the punishment should fit the offender and not merely the crime." *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). Under the guidelines, sentencing is to be based upon

---

1. Burch also claims that the district court expressed a general disagreement with the sentencing guidelines and premised the departure, in part, upon this disagreement. After review of the entire transcript of the sentencing hearing, we conclude that any disagreement expressed by the lower court was particularized to the impact of the guidelines on this case. The district judge's meaning is not altogether clear from the words used in the transcript. It appears that there was an error in punctuating the judge's remarks. At one point early in the sentencing hearing, the district judge states, "I do not agree with the guidelines in your case." That statement clearly expresses a particularized disagreement. Later, the transcript quotes

the judge as stating, "I don't agree with the sentencing guidelines. Because of your criminal history and your past conduct, and because of your sophistication, I am going to commit you to the Attorney General for a period of five years." As written by the reporter, this statement appears to be a general protest against the guidelines. However, the substitution of a comma for the first period in the quoted passage would make clear the court's expression of a particularized disagreement: "I don't agree with the sentencing guidelines, because of your criminal history and...." The substance of the court's remarks convinces us that the latter punctuation is correct.

the crime committed, not the offender. *United States v. Mejia–Orosco*, 867 F.2d 216, 218–19 (5th Cir.1989). While certain characteristics of the offender, such as prior criminal conduct, are relevant to sentencing under the guidelines, it is because such characteristics are directly relevant to the crime committed. *See* Sentencing guidelines, Chapter Four, Part A, introduction. Congress explicitly directed the Sentencing Commission that a defendant's socio-economic status, family and community ties, and education generally do not excuse or aggravate the defendant's conduct. 28 U.S.C. § 994(d)(2).

The district court's statements regarding Burch's social history partake of the model of penology that Congress rejected in the Sentencing Reform Act. A defendant's socio-economic status is never relevant to sentencing. *Id.;* Sentencing guideline 5H1.10. Education is relevant only if the defendant misused special training in perpetrating his crime. Sentencing guideline 5H1.2. That is not pertinent here. The district court is directed to omit any consideration of defendant's education and socio-economic status in fixing the sentence to be imposed under the guidelines.

The sentencing court also listed Burch's prior drug activity as a reason for departing from the guidelines. A defendant's criminal history, however, is directly considered by the guidelines in all cases, and departures based upon the defendant's criminal history are directed by a specific guideline provision. Guideline 4A1.3. "A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." *Id.* In this case, the district court's stated justification did not specify the unusual circumstance of Burch's criminal past that made his criminal history category inadequate. *See id.* at 4A1.3, 4B1.1. Only if such a finding is properly made may a defendant's criminal history be used to justify a departure from the guidelines. The procedure to be followed is outlined in *United States v. Lopez*, 871 F.2d 513, (5th Cir.1989). The court should state

definitively the reason for using the criminal history category chosen, or why none is applicable. Cf. *United States v. Fisher*, 868 F.2d 128 (5th Cir.1989), where this court affirmed without remanding for such a district court decision when the record reflected that the district court was justified in concluding that the only way to keep the defendant from stealing trucks was to keep him in prison. To the extent the court's departure was based upon these distinctions regarding Burch's social and criminal history it would be unreasonable under 18 U.S.C. § 3742(e)(2).

The sentence of the district court is vacated and this case is remanded to the district court for resentencing in accordance with this opinion.

VACATED AND REMANDED WITH DIRECTIONS.