**UNITED STATES of America**

v.

**Saxon Hugh HATCHETT, John Edward Soto, Rafael Soto, and Simon Soto.**

**Crim. No. A–89–CR–81(1)(2)(3)(4).**

United States District Court,
W.D. Texas,
Austin Division.

Aug. 2, 1990.

Ron Ederer, U.S. Attorney's Office, San Antonio, Tex., Mark Marshall, U.S. Attorney's Office, Austin, Tex., for U.S.

Joseph A. Turner, Austin, Tex., for Saxon Hugh Hatchett.

Gary Zausmer, Bankston, Wright & Greenhill, Austin, Tex., for John Edward Soto.

David A. Sheppard, Connie Kelly, Austin, Tex., for Rafael Soto.

David Deaderick, Tulk & Deaderick, Austin, Tex., for Simon Soto.

## ORDER SUPPLEMENTING RECORD

NOWLIN, District Judge.

Came on this date to be considered *sua sponte* the above-styled and numbered cause. On July 26, 1990 this Court was furnished, by the government, a copy of Appellee's Brief on appeal of this cause to the United States Court of Appeals for the Fifth Circuit in which the United States Attorney concedes that this Court committed error in sentencing two of the above-named defendants. Referring to *United States v. Burch*, 873 F.2d 765 (5th Cir. 1989), the government apparently concurs with the argument raised by Defendants on appeal that this Court erred in sentencing Saxon Hatchett and John Soto because of various statements made from the bench concerning the background and education of these individuals prior to denying the government's 5K motion for downward departure. In confessing error, the government urges the Circuit to remand the cases of both defendants for resentencing without appellate review of this Court's denial of the government's motion. In an effort to prevent permanent obfuscation of whether certain factors are excluded from comment by the sentencing court, this Court hereby supplements the record in this case to clarify its views on the sentencing of these individuals.

The government's readiness to join with the defendants' interpretation of the law in this area is a cause of great concern to this Court because of its ramifications upon sentencing proceedings in the future. Deemed impermissible "socio-economic" considerations by both parties on appeal, this Court frequently takes the opportunity during sentencing to "lecture" a defendant placing his present misdeeds in the context of his individual past in the hope it has some positive impact on his future ability to reform. Such admonitions not only serve the sentencing goal of initiating the rehabilitation of the defendant, but also promote the component of deterrence inherent in any sentence by giving notice to the public that no one is above the law. In the case of Defendants Saxon Hatchett and John Soto, the Court declined to depart downward from the guideline range after review of the presentence report and objections thereto, various letters filed, defendants' personal background, all in light of the seriousness of the offense charged, and sentenced both individuals to terms of imprisonment within their respective guideline ranges. In imposing sentence this Court indicated to both defendants that they had wasted more opportunities in their lives than most criminal defendants who appear before the Court would ever see. This Court respectfully submits that these comments are permitted when viewed in light of the facts in this case. At the very least, a split among the courts, and conflicting provisions in the sentencing guidelines themselves indicate that the propriety of such remarks is an open question. Moreover, the issue has apparently not been addressed in this Circuit.

One does not have to look beyond the guidelines themselves to find a sentencing court's authority to consider any factor concerning the defendant's background relevant to the imposition of a sentence. Section 1B1.4 states:

In determining the sentence to impose within the guideline range, or whether a

departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law.

A review of the statute underlying the authority of Sec. 1B1.4 ostensibly affords sentencing courts even greater latitude in determining what factors can be considered when sentencing an individual under the guidelines.

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

*See* 18 U.S.C. Sec. 3661. Recodification of Sec. 3661, giving it an effective date of 1987, evidences the intent of Congress to prevent the guidelines from limiting the information a court may consider in fashioning an appropriate sentence. *See* 1B1.4 commentary.

█ Of course the guidelines themselves also state with relative clarity that certain factors should not be considered in determining sentence as a matter of policy. Sections 5H1.2 and 5H1.10, for example, respectively limit or reject the use of education and socio-economic background from consideration by the Court. What is far from clear, however, is whether consideration of the specific offender characteristics spoken to in Chapter Five, Part H is limited to incidents where departure is an issue, or stands in direct conflict with Sec. 1B1.4 and 18 U.S.C. Sec. 3661. There is also a statutory conflict between Sec. 3661 and 28 U.S.C. Sec. 994, the underlying authority for the specific offender characteristics provisions of Chapter Five, Part A. Section 994 requires the Commission to limit the extent courts may consider various factors concerning a defendant's background in imposing sentence. Aggravating the conflict is the fact both statutes were enacted at the same time, and both employ equally specific language. At least one Circuit has held that Chapter 5, Part H does not circumvent the court's discretion afforded under 18 U.S.C. Sec. 3661. *See United States v. Duarte*, 901 F.2d 1498, 1500 (9th Cir.1990). In addition, another Circuit has held that various factors prohibited in Chapter 5, Part H, while not ordinarily relevant, should be considered in exceptional circumstances. *See United States of America v. Big Crow*, 898 F.2d 1326, 1330–1332 (8th Cir.1990). Departing from the applicable guideline range in sentencing a defendant of American Indian descent the Court stated:

> You have been a hard worker in your job, and not too pleasant of a job. You at least tried in your young life to overcome many of the difficult conditions, which the court knows exists [sic] in Indian country.... By reason of the fact that this was a one-time matter, by reason of the fact that you have lead a good and decent life, I am going to deviate further from the guidelines ...

*See Id.* at 1331. Upholding the sentence imposed by the district court, the Circuit found the quoted language appropriate to justify departure. If the comments made by the sentencing court in *Big Crow* justify a downward departure from the guidelines, surely the comments made concerning the present defendants' background justify this Court's refusal to depart from the guideline range. In any event, the appropriateness of such considerations merit comment by the Circuit Court.

The relevance of socio-economic factors has been addressed by the Fifth Circuit on at least two (2) occasions, but deal with fact situations clearly distinct from the present case. In *United States v. Burch*, 873 F.2d 765 (5th Cir.1989) the court vacated and remanded with instructions the sentence imposed by the district court. Departing upward from a guideline range of 37–46 months, the district court imposed the statutory maximum of five years imprisonment based on Burch's criminal history and social past. *See Id.* at 767. No findings concerning defendant's objections to the presentence report were made, giving the impression the court ignored the guidelines completely in imposing sentence. In the opinion of this Court, it remains

unclear whether the ruling in *Burch* requires a sentencing court to forgo consideration of a defendant's education and background in all circumstances, or whether such factors were held inappropriate in departing upward from the guidelines. Despite this apparent ambiguity, the government concedes that *Burch* prevents this Court from commenting on a defendant's background during sentencing in *any* regard. This Court does not perceive *Burch* contemplated so expansive a ruling.

In *United States v. Reed*, 882 F.2d 147 (5th Cir.1989) the government appealed the district court's downward departure from the guideline range. The primary reason for the court's downward departure was a belief that defendant's election to plead "not guilty" deprived him of two points for acceptance of responsibility thereby penalizing him for exercising his constitutional right to a jury trial. *See Id.* at 150. While finding the defendant guilty of the offense, in departing downward at sentencing the court also stated "I also agree, however, there is something good in you ..." *Id.* Discussing the case in light of the opinion in *Burch*, the Circuit held that sentencing must be based on the crime committed, not the offender, and found the court's statements regarding the defendant's character were not relevant to the crime committed. *See Id.* at 151.

In the present case the Court's consideration of the severity of the offense was paramount in its decision not to depart downward as evidenced by the repeated references made at sentencing to the heinous nature of narcotics offenses. Most significant, however, was this Court's use of the presentence report, considered in light of the rulings on defendant's objections, in determining the applicable guideline range, and imposition of the sentences *within that range.* Yet the government asks the Court to ignore the split opinion of the courts, contradictions between the guidelines and the statutes cited herein, as well as conflicts between the statutes themselves, and accept as gospel their belief that this Court is barred from commenting on a criminal defendant's background and character when imposing sentence. To give the government attorneys' argument the credence they think it deserves would reduce the sentencing function of this Court to a mechanical act that could be ably performed by a technician or computer capable of sterile calculation. While the guidelines have standardized the measure of sentences to be imposed on individuals based on the offense and their criminal history, sentencing remains an exercise in evaluating the unique facts and circumstances presented in each case. Appellate review in this regard primarily involves an examination of the lower court's resolution of disputed facts and circumstances to determine whether the sentence imposed is appropriate. Mindful of this case-by-case review, this Court is of the opinion that the comments made during sentencing in the present case are distinct from those used to justify departure in *Burch* and *Reed* and therefore fall outside the rulings made by the Circuit in those distinct factual situations. While the Court readily admits that its position is open to argument, the government would rather concede this issue than present its merits to the Circuit Court. Should the government continue to abrogate its responsibility and confess error in genuinely disputed issues on appeal, this Court may lose valuable latitude in its ability to make the factual findings during sentencing necessary to facilitate appellate review.

ACCORDINGLY IT IS ORDERED that this Order be included in the record of the above-numbered cause.

IT IS FURTHER ORDERED that the Court Clerk transmit this supplemental record to the United States Court of Appeals for the Fifth Circuit.