**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clayton Wade WILLIAMS, Defendant–Appellant.**

No. 91–8138.

United States Court of Appeals, Fifth Circuit.

July 24, 1991.

Jeffrey W. King, Keith J. Harrison, Collier, Shannon & Scott, Washington, D.C., for defendant-appellant.

LeRoy M. Jahn, Thomas Beery, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, KING and DUHÉ, Circuit Judges.

KING, Circuit Judge:

Clayton Wade Williams III (Williams) appeals his sentence for possession of lysergic acid diethylamide (LSD), a violation of 21 U.S.C. § 844(a). Williams contends that the district court erred 1) by failing to provide notice to Williams that it was considering an upward departure from the United States Sentencing Guidelines (Guidelines or U.S.S.G.); 2) by considering Williams's socioeconomic status and his father's political statements in sentencing; and 3) by awarding an unreasonable sentence. Based on the U.S. Supreme Court's recent decision in *Burns v. United States*, —— U.S. ——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), we vacate Williams's sentence and remand to the district court for proceedings consistent with this opinion.

## I.

Williams is a twenty-year old first offender who pleaded guilty to one count of possession of LSD, a Class A misdemeanor under 21 U.S.C. § 844(a). In August 1990, the Texas Department of Public Safety began an investigation in the Midland, Texas area regarding drug trafficking. Williams was implicated in one drug transaction, in which he allegedly directed a 16-year old juvenile to purchase 90 units of LSD. When informed of the investigation, Williams voluntarily stepped forward, and agreed to plead guilty. Pursuant to a plea agreement, Williams pleaded guilty on December 21, 1990 to a one count information alleging possession of LSD. Williams cooperated with the government concerning this matter by meeting with and being fully debriefed by government law enforcement officials and testifying before a federal grand jury. The government considered Williams's assistance to be substantial and, as a result, requested a downward departure from the minimum Guidelines sentence pursuant to U.S.S.G. § 5K1.1. According to the presentence report (PSR), Williams's total offense level was 4 under the Guidelines: a base offense level for possession of 6 pursuant to § 2D2.1(a)(2) and a downward adjustment of two points for acceptance of responsibility. Because he had no previous convictions, Williams's criminal history category was I. The sentencing range for an offense level of four and criminal history category I is 0 to 6 months imprisonment. Probation is also authorized.

The district court held a sentencing hearing on February 25, 1991. The court rejected the Guidelines range and the government's recommendation of a downward departure. Instead, the court *sua sponte* departed upward and sentenced Williams to the maximum statutory period of one year incarceration. In addition, the court prescribed a special program for Williams—a "boot camp" facility. Williams filed a timely notice of appeal.

## II.

On appeal, Williams makes several challenges to his sentence under the Guidelines. In reviewing a challenge to a sentence under the Guidelines, we must accept the factual findings of the district court unless clearly erroneous, but we fully review its application of the Guidelines for errors of law. 18 U.S.C. § 3742(e); *United States v. Otero*, 868 F.2d 1412, 1414 (5th Cir.1989).

### A. Notice For Upward Departure

■ This issue is governed by the Supreme Court's decision in *Burns v. United States*, — U.S. —, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). In *Burns*, the Court held that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentencing report [PSR] or in a prehearing submission by the Government, [Fed.R. Crim.Proc.] 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." *Id.* at —, 111 S.Ct. at 2187, 115 L.Ed.2d at 133. The government, in a supplemental brief, concedes error and has requested that this court vacate Williams's sentence and remand to the district court for resentencing. We accept the government's concession and vacate and remand Williams's sentence.

Even though we vacate Williams's sentence, the parties have had an opportunity to address fully all the issues raised in this appeal. Thus, we address these issues to provide guidance to the district court on remand. 18 U.S.C. § 3553(b); *see United States v. Landry*, 903 F.2d 334, 340 (5th Cir.1990).

### B. Socioeconomic and Political Considerations

Williams contends that the district court based its upward departure on the fact that Williams's wealthy background gave him opportunities that he abused. Williams compares his sentence to that of another defendant from a disadvantaged background who was sentenced on the same date for a similar offense. Williams contends that the district court's comments during sentencing showed that it considered Williams's socioeconomic back-

ground and his father's politics in its upward departure and may have influenced the district court's decision to place Williams in a "boot camp" prison.[1] The court commented that Williams's father ran for Governor of Texas and that this was a reason for Williams to "follow the straight and narrow, even more reason for [Williams] not to disappoint" his parents.

Both 28 U.S.C. § 994(d) and U.S.S.G. § 5H1.10 state that socioeconomic status is not relevant in the determination of a sentence and thus is not to be considered in sentencing. *United States v. Burch*, 873 F.2d 765, 769 (5th Cir.1989). In addition, U.S.S.G. § 5H1.6 states that family ties are not relevant in sentencing, but the Guidelines do not explicitly discuss political considerations. Nonetheless, political considerations would not be proper. *See United States v. Rosenberg*, 806 F.2d 1169, 1179 (3d Cir.1986) (imposition of a sentence on the basis of a defendant's social or political beliefs would violate the first amendment's guarantees); *United States v. Brown*, 479 F.2d 1170, 1174 (2d Cir.1973) (same); *cf. Zant v. Stephens*, 462 U.S. 862, 885, 103 S.Ct. 2733, 2747, 77 L.Ed.2d 235 (1983) ("factors that are constitutionally impermissible or totally irrelevant to the sentencing process, such as for example the race, religion, or political affiliation of the defendant" may not be classified as aggravating factors in death penalty sentencing). If the district court's statements cited by Williams were actually the basis of the district court's upward departure, we would be required to reverse and remand for resentencing. *See United States v. Hatchett*, 923 F.2d 369 (5th Cir.1991). In *Hatchett*, we held that when a court's statements at sentencing include both permissible and impermissible considerations and "those statements are too interrelated to characterize some as actual considerations in sentencing and others as mere ob-

servations," we must vacate the sentence. *Id.* at 372.

We find, however, after a review of the sentencing record in this case, that the statements were merely observations made by the district court. *See United States v. Warters*, 885 F.2d 1266, 1275 n. 8 (5th Cir.1989). The district court emphasized to Williams that its "sentence will not have anything to do with the fact that you have had more opportunities .... [Its] sentence has to do with the fact that you are 20 years old ... and involved a teenager." The district court explicitly stated that the reason for the upward departure was that Williams had a history of drug use, had opportunities "to get off of drugs and did not take advantage of those opportunities," and had "involved teenagers, 16 years old, in these matters." The "coincidence" of Williams's father's political rhetoric and the trial court's recommendation of "boot camp" may be troubling, but does not rise to the level of reversible error.[2]

#### C. *Reasonableness of Upward Departure*

Williams next contends that the district court's reasons for the upward departure did not justify the departure and that the departure was unreasonable. When a district court upwardly departs from the Guidelines, it "must state the reasons for the departure, and the sentence imposed must be reasonable in light of the articulated reasons." *United States v. Burch*, 873 F.2d 765, 768 (5th Cir.1989) (citing 18 U.S.C. § 3742(e)(2)). A sentence will be vacated when it is imposed as a result of improper considerations. *United States v. Buenrostro*, 868 F.2d 135, 136 (5th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). As previously mentioned, the district court cited three factors for its upward departure: 1) that Williams did not take advantage of drug treatment programs; 2) that Williams has

---

**1.** During his campaign, Williams's father suggested that drug offenders be put in a boot camp where he would "introduce them to the joys of bustin' rocks."

**2.** The record reflects that Williams was given the *option* of attending the "Intensive Confine-

ment Center" (ICC) at Lewisburg, Pennsylvania, a boot camp type facility. By attending the ICC for 6 months, Williams would be eligible to be transferred to a community correction center halfway house program.

a history of drug abuse; and 3) that Williams had involved a juvenile in the offense.

Williams argues that the first two factors are not supported by the record and, even if they were, they should not be considered in sentencing for policy reasons. Williams contends that if his unsuccessful attempt at rehabilitation is considered in sentencing, it would deter persons from seeking treatment. Williams asserts that courts have previously considered a defendant's rehabilitative efforts in the context only of mitigating sentences. *See United States v. Lara–Velasquez*, 919 F.2d 946, 954–56 (5th Cir.1990). Williams also contends that the district court's second asserted reason, prior drug activity, is not ordinarily a relevant factor to be considered in sentencing. *United States v. Lopez*, 875 F.2d 1124, 1127 (5th Cir.1990); U.S.S.G. § 5H1.4 (policy statement). Williams contends that the district court's third reason asserted for the departure, involvement of a juvenile, may only be considered as a factor to determine a sentence *within* the Guidelines range, not for a departure, citing U.S.S.G. §§ 5K1.1, 5K1.2, 5K2.0–2.15. Last, Williams argues that the upward departure was unreasonable because he is a first offender and was sentenced to a punishment reserved for career offenders.

The government responds that the true basis for the district court's upward departure was the juvenile's involvement in the offense. The government argues that this court has previously implied that proof of involvement of a juvenile in a drug offense may be the basis of an upward departure. *United States v. Landry*, 903 F.2d 334, 339–41 (5th Cir.1990).

Contrary to the government's argument, the record establishes that the district court considered all three factors referred to above in its decision to make an upward departure from the Guidelines. Thus, we examine each of these factors to determine if it is a permissible consideration in making an upward departure.

Williams is correct that the considerations of past drug usage and past attempts at drug rehabilitation are normally not permissible considerations in making an upward departure. As this court has previously stated, "[s]entencing deviations based on [substance abuse] should be handed down with extreme reluctance." *United States v. Taylor*, 868 F.2d 125, 127 (5th Cir.1989). Without an explanation of why a defendant's drug dependency is so extraordinary as to warrant an upward departure, this factor does not justify a departure from the Guidelines. *United States v. Miller*, 903 F.2d 341, 351 (5th Cir.1990) (alcohol dependency without extraordinary aspects does not warrant upward departure) (quoting *United States v. MacNamara*, 901 F.2d 1112 (5th Cir.1990) (per curiam) (unpublished) (drug dependency)). The Guidelines recognize that mental, emotional, and physical conditions (including drug dependence) are not ordinarily relevant in determining whether a sentence should fall outside the Guidelines. U.S.S.G. §§ 5H1.3, 5H1.4. The district court in the present case has failed, at least at this juncture, to articulate extraordinary aspects of Williams's past drug use and failed rehabilitative efforts which would justify an upward departure.

Next we turn to the district court's consideration of the involvement of a juvenile in a drug transaction as a reason for an upward departure. Contrary to Williams's contention, nothing in the Guidelines prevents this consideration. U.S.S.G. § 5K2.0 states that a sentencing court may impose a sentence outside the Guidelines range for a factor "not adequately taken into consideration by the Sentencing Commission." Williams argues that this factor cannot be used in his upward adjustment because U.S.S.G. § 2D1.2 provides an offense level for drug offenses involving a juvenile. Williams contends that Congress and the Sentencing Commission considered this factor and decided not to allow an adjustment or departure for involving a juvenile in a first offense of simple possession. We are not convinced.

Section 2D1.2 applies to drug offenses described in § 2D1.1—manufacturing, importing, exporting, trafficking, or posses-

sion with intent to do any of these drug offenses. Williams was convicted of simple possession under 21 U.S.C. § 844 and sentenced under U.S.S.G. § 2D2.1. The maximum sentence for unlawful simple possession is one year imprisonment and the minimum sentence under § 2D1.2 is 63 months. Thus, it is clear that the Sentencing Commission did not take this factor of involving a juvenile in a drug transaction into consideration in sentencing for possession of drugs under § 2D2.1. Section 5K2.0 makes it clear that

a factor may be listed as a specific offense characteristic under one guideline but not under all guidelines. Simply because it was not listed does not mean that there may not be circumstances when that factor would be relevant to sentencing. For example, the use of a weapon has been listed as a specific offense characteristic under many guidelines, but not under immigration violations. Therefore, if a weapon is a relevant factor to sentencing for an immigration violation, the court may depart for this reason.

We conclude therefore, that involvement of a juvenile is a permissible basis for an upward adjustment pursuant to § 5K2.0 under these circumstances.

■ Williams next seems to argue that the district court was required to provide a detailed analysis to justify an upward departure, including a statement that lesser adjustments were considered and must provide the reasons that such adjustments are inadequate. *United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989). The Guidelines and our precedent, however, do not support this assertion. *Lopez* dealt with the very narrow situation where the criminal history category was underrepresented and the district court made a drastic upward departure which did not reflect the discrepancy. *Id.* Thus, the district court engaged in a permissible form of analysis for its reasons for the upward departure, albeit that some of those reasons, as thus far articulated, were not permissible grounds for that departure.

### III.

Based on the foregoing, we vacate and remand Williams's sentence for proceedings consistent with this opinion.

VACATE and REMAND.