UNITED STATES of America,
Plaintiff–Appellee,

v.

John Kountz TREANOR,
Defendant–Appellant.

No. 90–8527.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1991.

Rehearing and Rehearing En Banc
Declined Feb. 13, 1992.

William A. White, White & Allison, Austin, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Diane D. Kirstein, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, KING and JOHNSON, Circuit Judges.

KING, Circuit Judge:

John K. Treanor pled guilty to two counts of conspiracy and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, reserving the right to appeal the denial of his motion to suppress evidence seized from a barn and from his home. He was sentenced to 33 months imprisonment, a five year term of supervised release, a $10,000 fine and a $100 special assessment. Treanor appeals the denial of his suppression motion and his sentence.

Treanor was arrested along with Charles D. Pace and John D. O'Brien following the execution of a search warrant in a barn in Travis County, Texas. The factual background relevant to Treanor's appeal of the denial of his suppression motion is detailed in our opinion in *United States v. Pace*, 950 F.2d 961 (5th Cir.1991). This appeal raises the same issues as did Pace's with respect to denial of the motion to suppress the evidence seized from the barn. Treanor also raises the same objection as did Pace with respect to the evidence seized from the home he shared with O'Brien. We adopt the analysis in *Pace* as it applied to the search of the barn. As in *Pace*, we also find that the evidence seized from the barn, combined with the officers' experience with the business practices of drug traffickers, furnished sufficient probable cause for a search of the home of O'Brien and Treanor. We therefore affirm the denial of the suppression motion.

Treanor's appeal of his sentence rests on the perceived inequity in the district court's decision to depart downward only on O'Brien's sentence. Both Treanor and O'Brien pled guilty, had offense levels of 22 and criminal history scores of zero, and were granted a two-level reduction in the base offense level for acceptance of responsibility. O'Brien was given a 12–month term of imprisonment, while Treanor received 33 months. However, we have determined that the district court improperly departed downward in assessing O'Brien's sentence, and we have vacated that sentence and remanded for resentencing. *United States v. O'Brien*, 950 F.2d 969, 971 (5th Cir.1991). Our disposition of the government's appeal of O'Brien's sentence therefore renders moot Treanor's objection to his sentence.

The judgment of conviction and sentence are AFFIRMED.