KING, Circuit Judge:
 

 John D. O’Brien pled guilty to two counts of conspiracy and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, reserving the right to appeal the denial of his motion to suppress evidence seized from a barn and from his home. He was sentenced to 12 months imprisonment, a five year term of supervised release, a $10,000 fine and a $100 special assessment. O’Brien appeals the denial of his suppression motion and the government appeals the sentence.
 

 O’Brien was arrested along with Charles D. Pace and John K. Treanor following the execution of a search warrant in a bam in Travis County, Texas. The factual background relevant to O’Brien’s appeal is detailed in our opinion in
 
 United States v. Pace,
 
 950 F.2d 961 (5th Cir.1991). O’Brien’s appeal raises the same issues as did Pace’s with respect to denial of the motion to suppress the evidence seized from the bam. O’Brien also raises the same objection as did Pace with respect to the evidence seized from the home he shared with Treanor. We adopt the analysis in
 
 Pace
 
 as it applied to the search of the bam. As in
 
 Pace,
 
 we also find that the evidence seized from the bam, combined with the officers’ experience with the business practices of drag traffickers, furnished sufficient probable cause for a search of the home of O’Brien and Treanor. We therefore affirm the denial of the suppression motion.
 

 We next consider the government’s appeal of O’Brien’s sentence. The probation officer calculated a guideline range of 41 to 51 months imprisonment, based on a total offense level of 22 and a criminal history score of zero.
 
 See
 
 U.S.S.G. Sentencing Table. The district judge granted a two-level reduction in the base offense level for acceptance of responsibility, resulting in a guideline range of 33 to 41 months. He then departed downward to a total term of imprisonment of 12 months after stating that “there is in existence in your case the unusual factor of your work in the community and your interest in providing assistance to those who are less fortunate than you that appears in the record.”
 

 The government initially argues that the sentence should be vacated because the district court failed to explain its reasons for departing downward. A sentencing court may depart from the guideline range if it finds aggravating or mitigating circumstances that the guidelines do not adequately take into account, 18 U.S.C. § 3553(b), but it is clear that the court must articulate its reasons for departing.
 
 Id.
 
 § 3553(c);
 
 United States v. Huddleston,
 
 929 F.2d 1030, 1031 (5th Cir.1991);
 
 United States v. Murillo,
 
 902 F.2d 1169, 1172 (5th Cir.1990). Although a reading of the transcript of the sentencing hearing reveals that the judge was somewhat laconic about the particular reasons for departure, we find that the statement quoted in the previous paragraph constitutes at the very least a statement of the reasons for the imposition of a sentence outside the guideline range as contemplated by 18 U.S.C. § 3553(c). This is not to say that the court’s explanation was adequate. (We will address that question momentarily.) We merely hold that reasons were put forward for the departure, and decline to vacate the sentence on the ground that the district judge gave no explanation at all.
 

 The government is correct, however, that the reasons proffered by the district judge were insufficient to justify a downward departure. We divine two separate but related reasons in the district judge’s statement, one which appears on the face of the statement and one which seems fairly to be inferred. First, it is obvious that the judge took into account O’Brien’s ties to the community and his history of community service. The PSI indicated that O’Brien, a musician, had played benefit concerts and had a history of association with charitable causes in the Austin area. O’Brien’s allo-cution was devoted in part to describing his longstanding ties to the area and his charitable work. Moreover, the judge referred to the many letters of support he had received from friends of O’Brien which “pro
 
 *971
 
 vide a glimpse of you as basically a worthwhile person, a person who has been interested in doing generous things for the community and for people who were in need.” Second, it appears that the judge took into account his general view that O’Brien had redeeming characteristics. While this is not evident in the final statement before sentencing, we believe it can be inferred from the statement that the letters “provide a glimpse of you as basically a worthwhile person....” Unfortunately, neither of these are adequate reasons for departure from the guideline range.
 

 The Sentencing Guidelines provide that “community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.” U.S.S.G. § 5H1.6. In
 
 United States v. Burch,
 
 873 F.2d 765 (5th Cir.1989), we recognized that community ties are generally irrelevant to sentencing except in extraordinary cases.
 
 Id.
 
 at 768. We have interpreted the Sentencing Commission’s decision in § 5H1 explicitly to eliminate certain factors from sentencing as an indication of the fact that the Commission has already taken those particular factors into account.
 
 United States v. White,
 
 945 F.2d 100, 102 (5th Cir.1991). Downward departures are permitted under 18 U.S.C. § 3553(b) only if a mitigating factor was
 
 “not
 
 adequately taken into consideration by the Sentencing Commission in formulating the guidelines.” (emphasis added). Thus, in
 
 White,
 
 we held that because § 5H1.1 specifically eliminated youthfulness as a sentencing consideration, the Commission had indeed taken youthfulness into account and a district court could not base a downward departure on this factor.
 
 Id.
 
 The same reasoning applies to the Commission’s decision, plainly expressed in § 5H1.6, to eliminate community ties as a relevant factor. Section 5H1 “points to an overall sentencing scheme that is crime-specific rather than offender-specific, and expresses a return ‘to a philosophy that the punishment should fit the crime ...’”
 
 Id.
 
 at 101-02 (citing
 
 United States v. Mejia-Orosco,
 
 867 F.2d 216, 218 (5th Cir.),
 
 cert. denied,
 
 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989)). The factors enumerated in § 5H1 may supply a basis for determining what term of imprisonment is appropriate
 
 within
 
 the applicable Guideline range,
 
 United States v. Lara-Velasquez,
 
 919 F.2d 946, 955 (5th Cir.1990), but they cannot be used to depart below the range. Thus, O’Brien’s community ties were an improper basis for downward departure.
 

 The notion that O’Brien possessed the redeeming characteristic of being a “worthwhile person” similarly does not provide an adequate basis for departure. In
 
 United States v. Reed,
 
 882 F.2d 147 (5th Cir.1989), we rejected the justification that “there is something good in [the defendant]” as a basis for downward departure.
 
 Id.
 
 at 151. There is no meaningful distinction between the court’s statement in
 
 Reed
 
 and the statement in this case. Both indicate that a sentence was based on individual characteristics and “partake of the model of penology that Congress rejected in the Sentencing Reform Act.”
 
 Burch,
 
 873 F.2d at 767. Congress intended to eliminate these personal factors from sentencing regardless of a district judge’s assessment of their relevance to the justice of any particular sentence.
 
 [1]
 

 We therefore AFFIRM the judgment of conviction, but VACATE the sentence and REMAND for resentencing.
 

 [1]
 

 . The government argues that the district judge relied on two additional reasons for the downward departure: O’Brien’s degree of remorse at his allocution and his potential for rehabilitation. While it is not entirely clear to us from the record that these reasons played a part, we express our views on the use of these reasons as part of our mandate when remanding to give "such instructions as the court deems appropriate....” 18 U.S.C. § 3742(e)(1);
 
 United States v. Burch,
 
 873 F.2d 765, 768 (5th Cir.1989).
 

 First, the remorse and acceptance of responsibility for the crime O’Brien expressed at his allocution cannot be a valid reason for departure after a reduction in the base offense level has been made under § 3E1.1 of the Guidelines. The Guidelines took acceptance of responsibility into account in § 3E1.1, and the judge determined that this entitled O'Brien to a reduction in lift sentence. A second departure for acceptance of responsibility is not warranted. Second, rehabilitative potential is not a valid basis for downward departure.
 
 United States v. Lara-Velasquez,
 
 919 F.2d 946, 955 (5th Cir.1990).