**UNITED STATES of America, Plaintiff,**

v.

**Wilbert Kitson Andrew TURNER, Defendant.**

**Crim. No. 93–10–N.**

United States District Court, E.D. Virginia, Norfolk Division.

April 2, 1993.

Sherrie S. Hardwick, Sp. Asst. U.S. Atty., Norfolk, VA, for U.S.

William A. Thomas, Jr., Norfolk, VA, for Turner.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

On March 4, 1993, defendant Wilbert Kitson Andrew Turner ("Turner") entered a plea of guilty to a one count indictment charging him with a violation of 8 U.S.C. § 1326(a). After entering his plea, Turner informed the court of his desire to waive the preparation of a presentence report and of his desire to be sentenced immediately. The court requested counsel for Turner and for the United States to brief the issue whether Turner may waive preparation of the presentence report, and the court has now reviewed the parties' submissions and concluded that Turner may not.

## DISCUSSION

Under the sentencing guidelines the presentence report, and the parties' objections to that report, play a critical role in a proper sentencing because that report forms the factual basis for the judge's sentencing determination. *U.S. v. Burch*, 873 F.2d 765, 767 (5th Cir.1989). "Congress, in recognition of this fact, deleted provisions of Federal Rule of Criminal Procedure 32(c) that permitted the defendant to waive the presentence report. Now, waiver is permitted only when the district judge notes on the record why sufficient information is available from other sources." *Id.* (citing Fed.R.Crim.P. 32(c)(1); Sentencing Guideline 6A1.2, commentary; S.Rep. No. 225, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3254–57).

Turner now concedes that the sentencing guidelines do not permit him to waive the preparation of the presentence report, but urges the court that it has sufficient information in the record before it to sentence him without receiving the report. Turner asserts that the report prepared by the federal authorities in preparation for his bond hearing, the summary of Turner's prior criminal record allegedly in the possession of the United States Attorney, and the stipulation of facts entered in the record with the plea agreement provide the court with sufficient information "to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553...." *See* Fed.R.Crim.P. 32(c)(1).

The United States, for its part, contends that the court does not have before it sufficient information to meaningfully exercise its sentencing authority, and the court agrees. The court does not have before it Turner's complete criminal history, information regarding Turner's immigration status, or information on Turner's ability to pay any fine that may be assessed. Moreover, given the relatively short delay Turner will experience before sentencing, which is to occur on May 11, 1993, the court finds that the interest of justice will be better served if Turner is not sentenced until after the court has reviewed the presentence report. Accordingly, Turner's motion to waive preparation of the presentence report is denied.

It is so ORDERED.