# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2024

Lyle W. Cayce
Clerk

No. 23-40606

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Pasquale Theodore Salas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CR-12-1

_____

Before King, Stewart, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Pasquale Theodore Salas ("Salas") pleaded guilty to one count of sexual exploitation of a minor child in violation of 18 U.S.C. § 2251(a) & (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). The district court imposed a 384-month sentence of imprisonment and 15 years of supervised release. Salas now appeals. For the following reasons, we AFFIRM the judgment of the district court.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40606

## I.    FACTUAL & PROCEDURAL BACKGROUND

In 2019, Salas was convicted of sexual exploitation of a minor and cyberstalking, following a guilty plea for engaging in a virtual sexual relationship with a minor in Massachusetts. He was sentenced to 220 months in prison. During the Massachusetts investigation, the Federal Bureau of Investigation discovered that Salas had engaged in sexual acts in Texas with his minor adoptive sister, recorded those acts on video, and took sexually explicit photographs of her as she slept. A grand jury returned a two-count indictment charging Salas with: (1) sexual exploitation of a minor child in violation of 18 U.S.C. § 2251(a) & (e) and (2) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). He pleaded guilty to both counts of the indictment.

Salas received three criminal history points for his conviction of sexual exploitation of a minor and cyberstalking arising from his felonious conduct with the Massachusetts minor. With a total offense level of 40 and a criminal history category of II, Salas's Guidelines range was determined to be 324 to 405 months' imprisonment. The district court sentenced Salas to 360 months on Count One and a consecutive 24 months on Count Two, for a total term of 384 months in prison concurrent to the Massachusetts sentence. The court imposed 15 years of supervised release on Count One and a concurrent 5-year term of supervised release on Count Two. The court waived the imposition of a fine and the Justice for Victims of Trafficking Act assessment, but imposed a $100 special assessment per count.

## II.    STANDARD OF REVIEW

This court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[Our] review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18

U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (citing *Gall*, 552 U.S. at 50–51). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

"[I]f the defendant does not preserve a claim of . . . substantive unreasonableness in the district court, plain error review applies." *United States v. Sepulveda*, 64 F.4th 700, 709 (5th Cir. 2023). "First, there must be an error that has not been intentionally relinquished or abandoned." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). "Second, the error must be plain—that is to say, clear or obvious." *Id.* "Third, the error must have affected the defendant's substantial rights, which in the ordinary case means he or she must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (internal citation and quotation marks omitted). "Once these three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation omitted).

## III.   DISCUSSION

On appeal, Salas argues that the district court's consideration of his socio-economic status as a police officer rendered his within-guidelines sentence substantively unreasonable. Salas also argues that this purported error affected his substantial rights because "there is a reasonable probability that, but for the error, the district court would have imposed a lower sentence." In support of this argument, he asserts that: (1) he "did not commit any new offenses after having been arrested and prosecuted in Massachusetts"; (2) the "conduct underlying the convictions occurred

during the same timeframe, and the fact that [he] happened to be prosecuted and sentenced in Massachusetts first and then in Texas increased his Guidelines range by about three years"; and (3) "the only case-specific reason the district court articulated for the 384-month sentence imposed was the improper factor of [his] status as a law enforcement officer." We are unpersuaded.

The record establishes that the district court sentenced Salas to 384 months in prison, which falls within the Guidelines imprisonment range of 324 to 405 months for his convictions. Salas did not object to the advisory Guidelines range calculated in the initial Presentence Investigation Report. Furthermore, although Salas requested a downward variance to a sentence of 247 months' incarceration concurrent with the sentence he was serving from the Massachusetts case, the district court was under no obligation to accept his request. *See United States v. Duke*, 788 F.3d 392, 396 (5th Cir. 2015) (citing *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)).

"If the sentencing judge exercises [his] discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *Mares*, 402 F.3d at 519. While *Mares* indicates that it will be "rare" for a reviewing court to find a sentence within the Guidelines to be "unreasonable," the district court is still required to state its reasons for its imposition of a particular sentence in open court if the sentence range exceeds 24 months. *Id.*; 18 U.S.C. § 3553(c)(1).

Here, the district court stated that Salas's occupation as a law enforcement officer was considered in determining the appropriate sentence. Because the record does not illuminate any of the other implied considerations, and because § 3553(c)(1) mandated that the district court explicitly state its reasoning in open court, it would not be unreasonable to

infer that Salas's occupation was a strong consideration for the issuance of the 384-month sentence. Even if we were to concede this point, however, Salas still fails to demonstrate that his substantial rights were violated in accordance with the third prong of the plain error analysis.

To show that his substantial rights were affected, Salas must demonstrate a reasonable probability that, but for the error of improperly relying on his socio-economic status as a law enforcement officer, the outcome of the sentencing proceeding would have been different. *See Molina-Martinez*, 578 U.S. at 194. In support of his position, Salas cites to *United States v. Chandler* where we emphasized that "a defendant's socio-economic status is never relevant to sentencing." 732 F.3d 434, 438 (5th Cir. 2013 (quoting *United States v. Burch*, 873 F.2d 765, 769 (5th Cir. 1989)). In that case, we concluded that a district court had done so when it relied entirely on a defendant's employment as a police officer but emphasized that "[i]f a defendant police officer abuses his position by using it to facilitate the offense, his position is an appropriate sentencing factor." *Id.* at 439. Conversely, however, the Supreme Court has previously held that "highly relevant—if not essential—to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Pepper v. United States*, 562 U.S. 476, 488 (2011) (cleaned up). Unlike in *Chandler*, where the facts of the case did not establish that the defendant used his status as a law enforcement officer to facilitate criminal conduct, the record before this court is replete with evidence of Salas using his position as a law enforcement officer in furtherance of his criminal activity. The district court emphasized Salas's use of his status to

victimize multiple minors.[1] Therefore, we conclude that the district court did not plainly err by imposing the within-guidelines sentence of 384-months of imprisonment and 15 years of supervised release.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[1] As the Government points out on appeal, "Salas does not address the fact that he used his law enforcement officer position to victimize the two minors in Massachusetts. He doesn't claim his abuse of the Massachusetts minors was irrelevant to the instant sentencing proceeding. He also does not explicitly assert that the district court erred in considering that conduct."