**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Dana WHITE, Defendant–Appellee.**

No. 91–3145
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1991.

Peter G. Strasser, Joseph F. Iuzzolino, Asst. U.S. Attys., Harry Rosenberg, U.S. Atty., New Orleans, La., for plaintiff-appellant.

Wayne Mancuso, Panel Atty., Federal Public Defender, Harahan, La. (Court-appointed), for defendant-appellee.

Before POLITZ, KING and JONES, Circuit Judges.

KING, Circuit Judge:

The United States appeals a sentence imposed by the district court upon Dana White for conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government argues that the district court erred in departing downward by 31 months from the minimum sentence of 151 months on account of the defendant's age. We agree that youthfulness is not a relevant factor for downward departure under the Sentencing Guidelines, and accordingly vacate and remand for resentencing.

## I. BACKGROUND

White pled guilty to a one count indictment for conspiracy to distribute cocaine. United States Probation and the district court determined that White's violation and his criminal history category of III placed him in a guideline range of between 151 and 188 months imprisonment. At the sentencing hearing, White's attorney, referring to White's age of 18, requested a sentence of 120 months notwithstanding the applicable guideline range. The district judge responded:

> I don't know if the guidelines provide for this, but I agree with [White's attorney], I mean, you're looking at an 18–year old kid who the guidelines say that I should send away for 151 months minimum. Your history is not very good, Mr. White, and I don't know what's going to happen to you. Hopefully you can kind of get your life in order and straighten yourself out ...
>
> .    .    .    .    .
>
> The Court acknowledges on the record that this is a departure from the guidelines. However, the Court feels that because of this defendant's age that the court should depart and give Mr. White an opportunity to straighten his life out, if at all possible.
>
> .    .    .    .    .
>
> I just think that an 18–year old kid should be given the opportunity to turn his life around ...

The government appeals this downward departure pursuant to 28 U.S.C. § 994.

## II. ANALYSIS

### A. Standard of Review

While we are deferential to a district court's factual findings under the Sentencing Guidelines, United States v. Paden, 908 F.2d 1229, 1233 (5th Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 710, 112 L.Ed.2d 699, we review de novo the district court's interpretation of the sentencing guidelines. United States v. Reyes–Ruiz, 868 F.2d 698, 701 (5th Cir. 1989). The district court did not explicitly state what portion of the guidelines supported its decision to reduce White's sentence, but it clearly rested its decision to depart downward solely on the defendant's young age. We construe the district court's decision as an interpretation that the guidelines generally permit downward departure based on youthfulness, and therefore apply the de novo standard of review.

### B. The Relevance of Age in Sentencing

The government argues that the Sentencing Commission explicitly eliminated the relevancy of young age from sentences under the guidelines. The Sentencing Guidelines address age in § 5H1.1, which provides, in relevant part:

> Age is not ordinarily relevant in determining whether a sentence should be outside the guidelines ... Age may be a reason to go below the guidelines when the offender is elderly *and* infirm and where a form of punishment (e.g., home confinement) might be equally efficient as and less costly than incarceration.

(Emphasis in original). The government argues that, because downward departures are permitted only if they are based on mitigating factors "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," 18 U.S.C. § 3553(b), and § 5H1.1 represents adequate consideration of age, the district court erred in departing downward on account of White's youth. We agree.

The reasoning of the Fourth Circuit in *United States v. Daiagi*, 892 F.2d 31 (4th Cir.1990), in interpreting § 5H1.1 is persuasive. In *Daiagi*, the court, in rejecting the defendant's claim that the district court erred in failing to consider his age as a factor in sentencing, indicated that under § 3553(b) the sentencing court may consider a characteristic of the defendant relevant for the purposes of reducing a sentence below the applicable guideline range only if the Sentencing Commission did not consider that particular characteristic in its scheme. But "the Commission did give careful consideration to the age of the offender as a mitigating factor in sentencing [in § 5H1.1] ... [i]t has, therefore, normally eliminated age as a mitigating sentencing factor under the language of Section 3553(b)." *Daiagi*, 892 F.2d at 34; *see also United States v. Summers*, 893 F.2d 63, 69 (4th Cir.1990) (Commission has determined that age is not a relevant factor in sentencing).

We have consistently held that § 5H1.1, which sets forth the Commission's view on the relevance of a host of offender-specific characteristics, points to an overall sentencing scheme that is crime-specific rather than offender-specific, and expresses a return "to an philosophy that the punishment should fit the crime ..." *United States v. Mejia–Orosco*, 867 F.2d 216, 218 (5th Cir.), *cert. denied*, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989); *see also United States v. Burch*, 873 F.2d 765, 768–69 (5th Cir.1989). In *Burch*, we held that nothing in the guidelines justified a downward departure on the basis that the defendant is a "gifted, talented individual." *Id.* at 768. Similarly, in *United States v. Reed*, 882 F.2d 147 (5th Cir.1989), we rejected the justification that "there is something good in [the defendant]" as a basis for downward departure. *Id.* at 151. We summed up our cases on offender-specific characteristics in *United States v. Lara–Velasquez*, 919 F.2d 946 (5th Cir.1990), stating that "[t]he Sentencing Commission has already taken into consideration a defendant's individual characteristics as a basis for down-

ward departure; it rejected the relevance of this factor." *Id.* at 955 (citations omitted).

In support of the district court's sentence, White contends that the court acted within its power to depart where it found mitigating circumstances not adequately taken into account by the guidelines. The analysis above plainly forecloses this argument. The guidelines *have* adequately taken into consideration the defendant's age in § 5H1.1, specifying extremely limited circumstances under which a sentencing court may use age in departing from the applicable range.[1] The circumstance of being young is not a permissible consideration under the guidelines.

### III. CONCLUSION

For the foregoing reasons, we VACATE the sentence imposed by the district court and REMAND for resentencing.

---

1. White also appears to argue that his sentence was proper because his criminal history category of III may have been overstated. The district judge did not articulate this as a reason for departing downward and we cannot affirm a departure for reasons that do not appear in the record. *See United States v. Murillo*, 902 F.2d 1169, 1172 (5th Cir.1990).