UNITED STATES OF AMERICA,
Plaintiff–Appellee,

v.

Thomas Gerald HEADRICK,
Defendant–Appellant.

No. 91–1854.

United States Court of Appeals,
Fifth Circuit.

June 11, 1992.

Peter Fleury, Asst. Federal Public Defender and Ira R. Kirkendoll, Federal Public Defender, Ft. Worth, Tex., for defendant-appellant.

Richard B. Roper, Asst. U.S. Atty. and Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before GOLDBERG, HIGGINBOTHAM, and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Thomas Headrick appeals the sentence imposed upon revocation of his supervised release as inconsistent with the relevant policy statements of the Sentencing Guidelines. We conclude that the district court was not obligated to follow those policy statements and affirm.

## I.

In September 1989, following conviction on a firearms violation, the district court for the Western District of Texas sentenced appellant Headrick to twelve months imprisonment to be followed by three years of supervised release. Headrick began serving his term of supervised release in September 1990. The conditions of supervised release required Headrick to refrain from possessing or using any controlled substance. On sixteen occasions between January and July 1991, Headrick submitted urine specimens that tested positive for cocaine, amphetamine, or methamphetamine.

In August 1991, following a hearing, the district court for the Northern District of Texas [1] revoked Headrick's supervised release pursuant to 18 U.S.C. § 3583. The district court then considered the sentencing range of 12–18 months imprisonment contained in the policy statements of Chap-

---

1. Supervision of Headrick's case was transferred from the Western to the Northern District of Texas in July 1991.

ter 7 of the Sentencing Guidelines. It rejected imposition of sentence in that range, however, and imposed a sentence of twenty-four months. Headrick appeals that sentence.

## II.

■ We review the district court's interpretation of statutes and the Guidelines de novo, but its application of the Guidelines to the facts for clear error. *United States v. Gaitan*, 954 F.2d 1005, 1008 (5th Cir.1992). We will uphold a sentence unless it (1) was imposed in violation of law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. 18 U.S.C.A. § 3742(e) (West, Supp.1992). There are no applicable guidelines for sentencing after revocation of supervised release; there are only policy statements. *See* U.S. Sentencing Commission, *Guidelines Manual* Ch. 7 "Violations of Probation and Supervised Release" (Nov.1990). It follows that we will uphold Headrick's sentence unless it is in violation of law or is plainly unreasonable.

## A.

We first consider whether Headrick's sentence is in violation of law because of his suggestion that the Guideline policy statements bind a district court when sentencing a defendant after revoking a term

of supervised release. This is the first time we have given plenary review to this question. This court has held previously that a district court's failure to follow the policy statements of Chapter 7 is not plain error. *United States v. Ayers*, 946 F.2d 1127, 1130–31 (5th Cir.1991); *United States v. Montez*, 952 F.2d 854, 859–60 (5th Cir. 1992).

Supervised release is governed by 18 U.S.C. § 3583. Headrick focuses considerable attention on § 3583(e)(3). Under that section, a district court may revoke a term of supervised release and order a defendant imprisoned "if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission."[2] Headrick contends that the phrase "pursuant to the ... applicable policy statements" requires the district court to follow the policy statements; the government maintains that the statute merely requires the district court to *consider* the policy statements. We find it unnecessary to resolve this dispute and parse the language of § 3583(e)(3), however, because Headrick's case is governed by § 3583(g).

■ Section 3583(g) *requires* a district court to revoke a defendant's term of supervised release upon finding that the defendant possessed a controlled substance.[3]

---

**2.** Section 3583(e)(3) provides that

**(e) Modification of conditions or revocation.**—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

    .    .    .    .    .

    (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, *pursuant to the* provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of *applicable policy statements* issued by the Sentencing Commission, except that a person whose term

is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony.

18 U.S.C.A. § 3583(e)(3) (West, Supp.1992) (emphasis added).

**3.** Section 3583(g) provides that:

**(g) Possession of controlled substance.**—If the defendant is found by the court to be in the possession of a controlled substance, the court *shall* terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

18 U.S.C.A. § 3583(g) (West, Supp.1992) (emphasis added). Section 3583(g) applies to all

The district court specifically found that Headrick had possessed controlled substances and that it "ha[d] no choice but to revoke" his term of supervised release under § 3583(g). Headrick has not objected to this finding. Thus Headrick was subject to revocation of his term of supervised release regardless of how we might interpret § 3583(e)(3).

But the fact that the district court revoked Headrick's supervised release pursuant to § 3583(g) rather than § 3583(e)(3) does not obviate our need to decide the extent to which the policy statements of Chapter 7 of the *Guidelines Manual* bind sentencing courts. Section 3583(g) required the district court to sentence Headrick to at least twelve months imprisonment (one-third of his term of supervised release). Section 3583(g) does not specify a maximum sentence. The district court sentenced Headrick to twenty-four months imprisonment. This exceeds the range of 12–18 months provided by the Guideline policy statements. U.S.S.G. § 7B1.4. Thus we still must decide whether the district court was obligated to follow the policy statements, as Headrick suggests.

■ Congress requires the United States Sentencing Commission to issue both "guidelines" and "general policy statements regarding application of the guidelines" in performing its duties. 28 U.S.C. §§ 994(a)(1) and (2). Headrick would have us hold that policy statements are as binding on the courts as the guidelines themselves. That Congress differentiates between guidelines and policy statements, however, suggests that the two are not to be given equal weight. Relatedly, we have held that policy statements "do not have the force of the Guidelines," although we have not yet decided what force they do carry. *United States v. Montez*, 952 F.2d 854, 859 (5th Cir.1992). Today we hold that district courts must consider the policy statements contained in Chapter 7 of the Guidelines when sentencing a defendant upon revoking his supervised release, but

that these policy statements are advisory only.

Congress treats policy statements and guidelines differently. Section 3553(b) requires a sentencing court to *"impose* a sentence of the kind, and within the range, referred to in" the guidelines, unless an adequate basis for departure exists. 18 U.S.C. § 3553(b) (emphasis added). In contrast, section 3553(a)(5) requires a sentencing court merely to *"consider* ... any pertinent policy statement" when sentencing. 18 U.S.C. § 3553(a)(5) (emphasis added); *Ayers*, 946 F.2d at 1130; *Montez*, 952 F.2d at 859. Either party may appeal a sentence imposed as a result of an incorrect application of a guideline. 18 U.S.C.A. §§ 3742(a)(2) and (b)(2) (West, 1985 and Supp.1992). No similar appeal lies for an incorrect application of a policy statement. *See* S. Rep. No. 98–225, 98th Cong., 2d Sess. 167, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3350 ("It should be noted that a sentence that is inconsistent with the sentencing guidelines is subject to appellate review, while one that is consistent with the guidelines but inconsistent with the policy statements is not."). The Sentencing Commission must submit for Congress's approval amendments to the guidelines, but not amendments to policy statements. 28 U.S.C. § 994(p); *United States v. Kelley*, 956 F.2d 748, 753 (7th Cir.1992). The legislative history accompanying the Crime Control Act of 1984 confirms that Congress intended the policy statements to "supplement" the guidelines to "further the ability of the Federal criminal justice system to achieve the purposes of sentencing." *Id.* at 51, 165, *reprinted in* 1984 U.S.C.C.A.N. at 3234, 3348–49. We are satisfied, then, that Congress did not intend policy statements generally to have the same binding effect as guidelines.

Headrick contends that this court previously has treated policy statements as binding. In *United States v. White*, 945 F.2d 100 (5th Cir.1991), we vacated the district court's downward departure based on the defendant's youth as inconsistent with

defendants who begin a term of supervised release after December 31, 1988. Anti–Drug

Abuse Act of 1988, Pub.L. No. 100–690 § 7303(b), 102 Stat. 4181, 4464.

§ 5H1.1 of the Guidelines, a policy statement. We do not consider our decision today as inconsistent with *White*. First, the *White* court did not even mention that § 5H1.1 is a policy statement, nor compare the force of policy statements to guidelines. Second, *White* involved a departure from a guideline sentence and a different set of policy statements. In § 3553(b), Congress sharply curtailed a district court's ability to sentence a defendant below the applicable guideline range. It limited such discretion to situations where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). In determining whether a circumstance was adequately taken into consideration, Congress directs courts to "consider only the sentencing guidelines, *policy statements*, and official commentary of the Sentencing Commission." *Id.* (emphasis added). The policy statement of § 5H1.1 reflects the Commission's consideration of youth in its scheme. Thus the *White* court was correct to follow § 5H1.1. "Where ... a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline." *Williams v. United States*, 503 U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341, 353 (1992).

▮ Thus, although policy statements generally do not have the force of guidelines, particular policy statements may carry such force when they inform the application of a particular guideline or statute. "Other policy statements in the Sentencing Guidelines must be examined separately in the context of their statutory basis and their accompanying commentary." *United States v. Lee*, 957 F.2d 770, 773 (10th Cir.1992); *see also United States v. Rogers*, 917 F.2d 165, 169 (5th Cir.1990) (referring to § 4A1.3 as "non-binding policy statement"), *cert. denied*, —— U.S. ——, 111 S.Ct. 1318, 113 L.Ed.2d 252 (1991). We must therefore examine the particular statutes, guidelines, and policy statements associated with sentencing upon revocation of supervised release to determine the force

of the policy statements applicable to Headrick.

Congress specifically directed the Sentencing Commission to issue "guidelines *or* general policy statements regarding the appropriate use of the provisions for ... revocation of supervised release...." 28 U.S.C. § 994(a)(3) (emphasis added). The Sentencing Commission promulgated policy statements regarding revocation of supervised release in Chapter 7 of the *Guidelines Manual*, effective November 1, 1990. As the Tenth Circuit recognized recently, these policy statements are "especially amenable to a flexible and considered application." *Lee*, 957 F.2d at 772–73. The Sentencing Commission deliberately chose to issue policy statements, but no guidelines, on revocation for the time being:

> At this time, the Commission has chosen to promulgate policy statements only. These policy statements *will provide guidance* while allowing for the identification of any substantive or procedural issues that require further review. The Commission views these policy statements as evolutionary and will review relevant data and materials concerning revocation determinations under these policy statements. Revocation guidelines will be issued after federal judges, probation officers, practitioners, and others have the opportunity to evaluate and comment on these policy statements.

U.S. Sentencing Commission, *Guidelines Manual* Ch. 7, Pt. A 1 intro. comment (Nov.1990) (emphasis added). The Commission emphasized that it chose to issue "advisory policy statements" rather than guidelines to provide "greater flexibility to both the Commission and the courts." *Id.* Pt. A 3(a). The Commission expressed its intention to issue revocation guidelines after "an adequate period of evaluation." *Id.*

We conclude from this that neither Congress nor the Sentencing Commission intended the policy statements of Chapter 7 to be binding on the courts. Congress specifically gave the Sentencing Commission the choice to issue guidelines or policy statements regarding the revocation of supervised release. 18 U.S.C. § 994(a)(3).

The Sentencing Commission, cognizant of Congress's differential treatment of guidelines and policy statements, chose to issue only "advisory policy statements" at this time. Unlike *White* and *Williams*, the policy statements here do not interpret or explain any statute or guideline. They stand alone, and in a state of nascency. We have no trouble, therefore, in holding that "the policy statements regarding revocation of supervised release contained in Chapter 7 of the [Guidelines] are advisory rather than mandatory in nature." *United States v. Lee*, 957 F.2d 770, 773 (10th Cir.1992); *United States v. Blackston*, 940 F.2d 877, 893 (3d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991). Thus the district court did not impose a sentence "in violation of law" by refusing to follow the policy statements of Chapter 7.

## B.

■ Headrick's sentence was not otherwise imposed in violation of law. The district court was still required by § 3553(a)(5) to "consider" any relevant policy statement when sentencing Headrick. The district court classified Headrick's violations of the conditions of his supervised release according to U.S.S.G. § 7B1.1(a) (policy statement). The court then consulted the Revocation Table and determined that, at Headrick's criminal history category of IV, the Sentencing Commission recommended a sentence of 12–18 months imprisonment. U.S.S.G. § 7B1.4 (policy statement). The district court concluded, however, that this range was inadequate "to take into account the conduct of this defendant as reflected by the record in this case." The court elaborated by stating that "the primary purpose of the new sentence is to sanction the defendant for his breach of trust. There couldn't be a more flagrant breach of trust in this case" than Headrick's sixteen violations of three different conditions of supervised release. The court considered the frequency and number of violations, the need for deterrence, and Headrick's inability "to deal with his use of illegal controlled substances under the supervised release environment."

Thus the district court considered but rejected the policy statements in light of the other relevant factors of § 3553(a).[4] The district court was required to do no more. *Blackston*, 940 F.2d at 859.

## C.

■ Finally, Headrick's sentence is not "plainly unreasonable." *See* 18 U.S.C.A. § 3742(e)(4) (West, Supp.1992). The district court was required to impose a sentence of at least twelve months pursuant to § 3583(g). The policy statements suggested a range of 12–18 months. The district

---

**4.** Section 3553(a) provides that:

**(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) and that are in effect on the date the defendant is sentenced;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a) (West, 1985 and Supp. 1992).

court sentenced Headrick to twenty-four months. Unlike the permissive revocation provision of § 3583(e)(3), the mandatory revocation provision of § 3583(g) does not provide any maximum sentence. Headrick would be subject to a maximum sentence of twenty-four months under § 3583(e)(3). It follows that imposing that same sentence under § 3583(g) cannot be plainly unreasonable.

### III.

For the foregoing reasons, the sentence imposed by the district court is

AFFIRMED.