UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-41164
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RODAFA VANDUSS GODBOLT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

(May 25, 1995)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

Contending that the district court failed to consider his mitigating role in an underlying offense, Rodafa Godbolt appeals the sentence imposed following his plea of guilty to misprision of a felony.  We **AFFIRM**.

I.

While traveling in an automobile on Interstate 10, Godbolt and Cesar Brumfield were stopped by a deputy sheriff in Jefferson Davis Parish, Louisiana.  After the deputy obtained consent to search the vehicle, a drug-sniffing dog alerted to the spare tire.  The deputy instructed Godbolt and Brumfield to follow him to a nearby service station where the deputy intended to break down the spare tire for inspection.

On the way to the service station, the two suspects eluded the deputy by exiting the highway. Shortly thereafter, the deputy found the vehicle; the spare tire was missing. Brumfield was arrested the next day, and disclosed the location of the spare tire; approximately 218.74 grams of crack cocaine were discovered in it. Subsequently, Godbolt was arrested.

Godbolt was indicted on one count of conspiracy to possess with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846, and one count of possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Pursuant to a plea agreement, he pled guilty on a bill of information charging him with misprision of a felony, in violation of 18 U.S.C. § 4.[1] Under section 2X4.1 of the Sentencing Guidelines, the district court determined Godbolt's offense level to be 16 (19, less 3 levels for acceptance of responsibility), with a criminal history category of I, resulting in an imprisonment range of 21 to 27 months. The district court imposed a sentence of, *inter alia*, 21 months imprisonment.

II.

---

[1] 18 U.S.C. § 4 provides criminal liability for "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States ...."

The bill of information did not charge Godbolt with the underlying felony. Instead, it stated that Godbolt, having knowledge of the actual commission of a felony, concealed it by giving investigating authorities false and misleading information.

Guidelines § 2X4.1(a) provides that for the offense of misprision of a felony, the base offense level shall be "**9** levels lower than the offense level for the underlying offense, but in no event less than **4**, or more than **19**." At issue is whether Godbolt was entitled to an additional downward adjustment to his offense level on the basis that he was a minimal participant in the underlying felony. The district court concluded that Godbolt's reduced culpability for the underlying felony had already been taken into consideration in determining his base offense level; additionally, any reduction for minimal participation should be considered with respect to the misprision offense, not the underlying offense.

We review the interpretation of the sentencing guidelines *de novo*. *E.g.*, *United States v. White*, 945 F.2d 100, 101 (5th Cir. 1991). Factual findings to which the guidelines are applied are reviewed for clear error. *E.g.*, *United States v. Ruff*, 984 F.2d 635, 640 (5th Cir.), *cert. denied*, 114 S. Ct. 108 (1993).

Here, the defendant charged with misprision was involved also in the underlying felony. With respect to the sentencing guidelines, we noted in *United States v. Warters*, 885 F.2d 1266 (5th Cir. 1989), that

> [a] misprision defendant's personal guilt of the
> underlying offense is ... a circumstance not taken
> into account in formulating the misprision
> guidelines under section 2X4.1. Misprision is
> normally not committed by one of the perpetrators
> of the underlying offense.... These circumstances
> strongly suggest that section 2X4.1 assumes that
> the misprision defendant is *not* guilty of the
> underlying offense. Indeed, that is obviously why

> section 2X4.1 provides for a nine point reduction from the underlying base offense level.

*Id.* at 1275 (emphasis in original).

Because § 2X4.1 presupposes a defendant's lack of involvement in the underlying offense, any adjustment based on reduced culpability (U.S.S.G. § 3B1.2) must be based on a mitigating role in the misprision offense. *See* U.S.S.G. § 2X4.1, comment. (n.2) ("[t]he adjustment from §3B1.2 (Mitigating Role) normally would not apply because an adjustment for reduced culpability is incorporated in the base offense level"). Accordingly, the district court did not err in refusing to consider any mitigating role that Godbolt may have played in the underlying offense. *But see* **Warters**, 885 F.2d at 1275 (district court may depart upward from the misprision guideline range upon making a specific finding that the defendant was guilty of the underlying offense).

### III.

For the foregoing reasons, the sentence imposed by the district court is

**AFFIRMED**.