IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21000
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MINISTER DAVID IREDIA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-24-1
- - - - - - - - - -

November 26, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Minister David Iredia appeals the revocation of his term of supervised release following a conviction for illegal reentry after deportation. 18 U.S.C. § 3583. Iredia raises the following arguments: (1) the district court abused its discretion when it revoked his term of supervised release, (2) the district court erred when it failed to inform Iredia that the illegal reentry conviction would support revocation, (3) the district court erred when it failed to advise Iredia of his right to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remain silent at the revocation hearing, (4) the district court should not have imposed an upward departure from the Sentencing Guidelines, (5) the district court should have reformed the written judgment to match the oral pronouncement of sentence, (6) the district court should have inquired into Iredia's request for substitute counsel, (7) the district court erred when it denied him the opportunity to present mitigating evidence suggesting that the violation of the terms of supervised release did not warrant revocation.

The district court did not abuse its discretion when it revoked Iredia's term of supervised release based on his admissions. *See United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). Iredia failed to cite any authority supporting his contention that the district court erred when it failed to advise him that the illegal reentry conviction would support revocation; therefore, the issue will not be considered on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court did not err by failing to warn Iredia of his right against self-incrimination at the revocation hearing. *See* Fed. R. Crim. P. 32.1. It did not err when it imposed the maximum sentence allowable for revocation of Iredia's term of supervised release. *See* U.S.S.G. § 7B1.4; *United States v. Mathena*, 23 F.3d 87, 89-93 (5th Cir. 1994); *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir. 1992). It did not err when it declined to reform the written judgment to reflect the oral pronouncement of sentence. *See United States v. Tafoya*, 757 F.2d 1522, 1529-30 (5th Cir. 1985). The district court did not abuse

its discretion when it denied Iredia's request for appointment of substitute counsel.  *See United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973).  Finally, contrary to Iredia's assertion on appeal, the district court considered the alleged mitigating circumstances but found Iredia's reason for violating the terms of his supervised release to be unpersuasive.

Accordingly, the district court's judgment is AFFIRMED.