IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-11377
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENIGNO DE LA ROSA, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:95-CR-12-3-C
_____

June 11, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

 Benigno De La Rosa, Jr., appeals his sentence following the revocation of his supervised release term. De La Rosa contends that his revocation sentence is plainly unreasonable because the district court: ignored the statutory mandate to avoid disparate sentences set forth in 18 U.S.C. § 3553(a)(1), (a)(4)-(6); did not sufficiently justify its departure from the Sentencing Guidelines' policy statements;

 [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to apply the 18 U.S.C. § 3553(a)(2)(D) statutory mandate to provide the defendant with needed correctional treatment in the most effective manner; and ignored his acceptance of responsibility. De La Rosa also contends that his sentence is plainly unreasonable in light of the magnitude of its departure from the policy statements' sentencing range.

The Sentencing Guidelines do not provide guideline ranges for sentences upon revocation of supervised release; rather, the Guidelines set forth policy statements, which are advisory only.[1] We will uphold a sentence following the revocation of supervised release "unless it is in violation of law or is plainly unreasonable."[2]

The record of De La Rosa's revocation hearing reflects that the district court adequately considered 18 U.S.C. §§ 3553(a)(1), (a)(2)(D), and (a)(4)-(6).[3] Because a sentence which diverges from advisory policy statements is not a true departure from a Guidelines sentence, the district court was not required to make the specific findings normally associated with departures.[4] The district court's departure from the policy statements' sentencing range was justified by U.S.S.G. § 7B1.4, comment. (n.4), which provides that an upward departure may be warranted where, as here, the defendant's original sentence was the result of a downward departure

---

[1]United States v. Headrick, 963 F.2d 777 (5th Cir. 1992).

[2]Id. at 779.

[3]United States v. Teran, 98 F.3d 831(5th Cir. 1996) (holding that implicit consideration of the § 3553 factors is sufficient).

[4]United States v. Mathena, 23 F.3d 87 (5th Cir. 1994).

2

for substantial assistance. The district court was not required to reward De La Rosa for his acceptance of responsibility, as the Guidelines' acceptance of responsibility provisions apply to sentences for underlying offenses, not to sentences imposed upon revocation of supervised release.[5] Finally, the magnitude of the district court's departure from a 5-11 month policy statement sentencing range to the imposed 28-month sentence was not plainly unreasonable.[6]

AFFIRMED.

---

[5]U.S.S.G. § 3E1.1.

[6]Mathena, 23 F.3d at 89 (affirming a departure from a 6-12 month policy statement sentencing range to a 36-month sentence in light of the defendant's contemptuous disregard for the court's orders).

3