IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30404
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

STEVEN W. ARNOLD,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-50017-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Steven W. Arnold appeals from the revocation of his
supervised release and his sentence to 24 months' imprisonment.
He argues that the evidence was insufficient to support the
determination that he used and possessed controlled substances in
violation of one of the conditions of his supervised release;
that the district court erred by failing to consider whether the
availability of substance abuse programs warranted an exception
to mandatory revocation; and that the district court erred by

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

finding that his drug possession constituted a Grade C violation instead of a Grade B violation and by imposing a 24-month term of imprisonment.  Arnold's arguments are unconvincing.

First, Arnold admitted at the revocation hearing that he had used drugs.  Arnold's admission and the laboratory reports were sufficient evidence for the district court to find that he use and possessed illegal substances.  *See United States v. McCormick*, 54 F.3d 214, 226 (5th Cir. 1995).  Second, the district court's comments at the revocation hearing and the recommendation in the written judgment that Arnold be placed in a facility where he could receive long-term drug treatment constituted an implicit determination that the availability of drug-treatment programs did not warrant an exception to the mandatory revocation requirement of 18 U.S.C. § 3583(g)(1).

Third, because Arnold previously had been convicted of a drug-trafficking offense, his supervised release violation was a Grade B violation, U.S.S.G. § 7B1.1(a)(2), p.s.; *see* 21 U.S.C. § 844(a), subjecting him to a recommended guideline sentencing range of 18-24 months' imprisonment.  U.S.S.G. § 7B1.4(a), p.s.  Arnold's maximum statutory sentence for his supervised release violation was 24 months' imprisonment. 18 U.S.C. § 3583(e)(3); *see* 18 U.S.C. §§ 3146(b)(1)(A)(ii), 3559(a)(4).  The 24-month term imposed on Arnold was within the statutory sentencing range and the sentencing range recommended by the policy statement and therefore was not in violation of law

or plainly unreasonable.  *United States v. Headrick*, 963 F.2d

777, 779 (5th Cir. 1992).

AFFIRMED.