United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03 – 41746
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JASON ORTIZ,

Defendant - Appellant

———————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Texas
(C-01-CR-207-1)

———————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review Defendant - Appellant, Jason Ortiz's, sentence imposed after

revocation of his supervised release following a guilty-plea conviction for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(8). For the following reasons, we

affirm the district court's judgment.

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

I.

FACTUAL AND PROCEDURAL BACKGROUND

Ortiz pleaded guilty in 2001 to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In his Presentence Report (hereinafter, "PSR"), Ortiz's total offense level was calculated as 12, and his criminal history score was calculated as IV, thus subjecting him to a Sentencing Guidelines range of 21-27 months' imprisonment. Ortiz did not object to the PSR at this time.

Ortiz was subsequently sentenced to 27 months' imprisonment, followed by three years' supervised release. Ortiz did not directly appeal his conviction or sentence.

On July 28, 2003, the Probation Department filed a petition to revoke Ortiz's supervised release because of numerous alleged violations. After a hearing, the district court found that Ortiz had violated the conditions of his supervised release, and ordered that his release be revoked.

Relying on information in Ortiz's PSR from his underlying conviction for being a felon in possession of a firearm, the district court sentenced Ortiz to 12 months' imprisonment, followed by 24 months' supervised release. Once again, Ortiz did not object to the information in his PSR or the guidelines range of imprisonment he faced based upon calculations in the PSR. Ortiz did, however, timely appeal the sentence.

II.

WAIVER OF APPEAL

Ortiz argues for the first time on appeal that the district court erroneously calculated his criminal history score in the PSR completed for his conviction for being a felon in possession of a

firearm. Ortiz argues that the erroneous calculation of his criminal history score led to an unjust sentence following the revocation of his supervised release and that, accordingly, his sentence should be vacated.

Specifically, Ortiz argues that the original PSR assessed a total of three criminal history points for his state-court convictions for causing bodily injury and for criminal mischief. Ortiz was convicted of assaulting a victim for looking at his girlfriend at a dance and then going to the parking lot and breaking the windows out of the victim's car. In the original PSR, Ortiz received two criminal history points for the assault and one criminal history point for criminal mischief for breaking the victim's windows. According to Ortiz, the extra point constituted double counting because prior sentences in related cases should be treated as one sentence.

If the two convictions had been treated as one sentence, Ortiz would have had a criminal history score of III, which would have subjected him to a recommended sentencing range of five to eleven months' imprisonment. However, with a criminal history score of IV, Ortiz's sentencing range was six to twelve months' imprisonment. As the district court sentenced Ortiz to the maximum of twelve months' imprisonment, Ortiz argues that the court plainly erred.

The Government argues that Ortiz cannot challenge the computation of his underlying criminal history score for the first time on appeal from the sentence imposed following the revocation of his supervised release.

We agree that Ortiz may not challenge the validity of his underlying criminal history score for the first time on appeal. This court has held that a defendant may not use the revocation of supervised release to challenge for the first time on appeal his sentence for an underlying offense. *See United States v. Moody*, 277 F.3d 719, 720-21 (5th Cir. 2001). We have also held that a

defendant appealing a sentence imposed following his second revocation of supervised release could not raise for the first time the claim that his sentence for the first violation of supervised release was improper. *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000).

Ortiz's situation is analogous to a defendant challenging the validity of the underlying conviction as a defense in a probation revocation proceeding, something which this court has clearly prohibited. *See United States v. Francischine*, 512 F.2d 827, 828 (5th Cir. 1975). The Eleventh Circuit relied on our decision in *Francischine* in holding that a defendant could not argue on appeal from the revocation of supervised release that the underlying term of supervised release was invalid. *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993). The proper time for Ortiz to object to the calculation of his criminal history score was prior to his original sentencing for the underlying conviction, or at the latest on direct appeal. As he failed to do so, Ortiz waived his right to appeal the calculation of his criminal history score.

## III.

## PLAIN ERROR

Even if we were to review Ortiz's challenge to his criminal history score, the review would be for plain error only because Ortiz raises the argument for the first time on appeal. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994).

Ortiz cannot meet the plain error standard. The Chapter 7 guidelines ranges for sentences imposed upon revocation of supervised release are only advisory. *See United States v. Headrick*, 963 F.2d 777, 780 (5th Cir. 1992). The statutory maximum sentence is two years' imprisonment. *See* 18 U.S.C. § 3583(e)(3). As Ortiz's sentence was only twelve months' imprisonment, it was not plain error. *See Headrick*, 963 F.2d at 780, 782-83.

IV.

CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.