**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50556
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS CANO-ROBLEDO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas, El Paso
(EP-03-CR-2101-KC)
- - - - - - - - - -

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM[*]:

This matter is before us on remand from the Supreme Court for reconsideration in light of <u>United States v. Booker</u>.[1]  At our request, the parties have commented on the impact of <u>Booker</u>.  We conclude that <u>Booker</u> does not affect the sentence received by Defendant-Appellant Jose Luis Cano-Robledo ("Cano-Robledo").

## I.  FACTS AND PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. 220, 125 S. Ct. 738 (2005).

Cano-Robledo pleaded guilty to and was convicted of being found in the United States after deportation in violation of 8 U.S.C. § 1326(a), which carries a maximum penalty of two years' imprisonment and one year of supervised release. Cano-Robledo's Presentencing Report ("PSR") calculated his offense level to be 21, his criminal history category to be IV, and his resulting sentencing range under the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G.") to be 57 to 71 months' imprisonment. In arriving at that sentencing range, the PSR recommended, and the district court imposed, (1) a 16-level increase in Cano-Robledo's offense level because he had previously been deported from the United States after being convicted of a crime of violence; (2) a two-point increase in his criminal history points because, at the time of the instant § 1326(a) violation, Cano-Robledo was under supervised release from a previous federal conviction; and (3) a one-point increase in his criminal history points because Cano-Robledo committed the instant § 1326(a) violation less than two years after being released from a term of imprisonment. Cano-Robledo did not object on Sixth Amendment grounds to the district court's reliance on these facts in sentencing him. The district court sentenced Cano-Robledo at the bottom of the Guidelines' sentencing range, imposing a sentence of 57 months' imprisonment, three years' supervised release, and a $100 special assessment.

In addition to sentencing Cano-Robledo for the § 1326(a) offense, the district court also revoked the remainder of his

2

supervised release and sentenced him to an additional eight months imprisonment to run <u>concurrently</u> with his 57 month sentence. Section 7B1.3(f) of the Guidelines specifically states that "any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served <u>consecutively</u> to any sentence of imprisonment that the defendant is serving."[2] But, unlike most of the pre-<u>Booker</u> sections of the Guidelines, § 7B1.3(f) was and is a <u>non</u>-binding policy statement.[3] The district court thus took it into consideration, but chose not to follow its recommendation.

Cano-Robledo then appealed his sentence to us, contending that it violated the Fifth Amendment's Due Process Clause. He acknowledged that our precedent foreclosed his argument, but he raised it to preserve possible Supreme Court review. In that appeal, Cano-Robledo did not assert a Sixth Amendment challenge to the district court's reliance, for sentencing purposes, on facts neither admitted by him nor proved to the jury beyond a reasonable doubt. We affirmed the district court's judgment in an unpublished opinion.[4]

---

[2] U.S.S.G. § 7B1.3(f), p.s. (2003).

[3] <u>See</u> <u>United States v. Headrick</u>, 963 F.2d 777, 781-82 (5th Cir. 1992) (holding that "the policy statements regarding revocation of supervised release contained in Chapter 7 of the [Guidelines] are advisory rather than mandatory in nature") (internal quotation marks omitted) (alteration in original).

[4] <u>United States v. Cano-Robledo</u>, 110 Fed. Appx. 429 (5th Cir. October 21, 2004) (unpublished per curiam opinion).

Cano-Robledo then petitioned the Supreme Court for a writ of certiorari. After the Court handed down Booker, he filed a supplemental petition for certiorari in which, for the first time, he raised a Booker challenge to his mandatory Guidelines sentence. The Supreme Court granted Cano-Robledo's petition, vacated our judgment affirming his sentence, and remanded for our reconsideration in light of Booker.[5] We again affirm Cano-Robledo's sentence.

## II. ANALYSIS

### A. Standard of Review

As Cano-Robledo raised his Booker claim for the first time in his supplemental petition for certiorari, we will review it only in the presence of "extraordinary circumstances."[6] The precise contours of "extraordinary circumstances" review remain undefined in this Circuit. We do know, however, that the extraordinary circumstances standard is more difficult to meet than the plain error standard.[7] If Cano-Robledo is unable to meet the requirements of plain error review, then, he certainly cannot satisfy the requirements of extraordinary circumstances review.[8] And, although it is a close question whether Cano-Robledo satisfies plain error review, we hold that he has not demonstrated extraordinary circumstances.

---

[5] Alfaro v. United States, 543 U.S. 1183 (2005).

[6] United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[7] Id.

[8] Id.

4

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[9]  If the circumstances in a case meet all three criteria, we may exercise our discretion to notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[10]  Under Booker, a district court's enhancement of a defendant's sentence beyond the statutory maximum in reliance on facts not admitted by the defendant or found by a jury (1) constitutes error (2) that is plain.[11]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof.  He will carry this burden only if he can "show[] that the error 'must have affected the outcome of the district court proceedings.'"[12]  That may be shown, in turn, by the defendant's "demonstrat[ion of] a probability 'sufficient to undermine confidence in the outcome.'"[13]  To demonstrate such a probability, the defendant must identify in the record an indication that the "sentencing judge —— sentencing under an advisory [Guidelines] scheme rather than a mandatory one ——

---

[9] United States v. Cotton, 535 U.S. 625, 631 (2002).

[10] Id.

[11] United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied sub nom., Mares v. United States, 126 S. Ct. 43 (2005).

[12] Id. (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

[13] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

would have reached a significantly different result."[14] By all accounts, this burden is "difficult"[15] –– but not impossible[16] –– to meet.

## B. Merits

Cano-Robledo insists that he meets the requisites of plain error review. Even if he has, though, we are not operating under a plain error standard –– we shall review Cano-Robledo's <u>Booker</u> claim only in the presence of "extraordinary circumstances."[17] And, even if Cano-Robledo is correct that he meets the lower plain error standard, he barely does, and certainly not in a manner that presents the kind of extraordinary circumstances in which we will review a claim raised for the first time in a petition for a writ of certiorari.

Cano-Robledo calls to our attention (1) "the mitigating circumstances surrounding [his] illegal reentry offense," (2) the district court's imposition of a sentence at the bottom of the Guidelines range, (3) the district court's comments at his sentencing, and (4) the district court's decision to impose a concurrent (rather than consecutive) sentence for his supervised release violation. We reject outright Cano-Robledo's first

---

[14] <u>Id.</u>

[15] <u>United States v. Pennell</u>, 409 F.3d 240, 254 (5th Cir. 2005); <u>see also</u> <u>United States v. Rodriguez-Gutierrez</u>, 428 F.3d 201, 203 (5th Cir. 2005) ("[T]he Supreme Court mandates that establishing [plain] error 'should not be too easy.'") (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

[16] <u>See</u> <u>Pennell</u>, 409 F.3d at 245.

[17] <u>Taylor</u>, 409 F.3d at 676.

6

argument. His "mitigating circumstances" —— namely, that he illegally "returned to the United States because his wife was pregnant and about to give birth," and that he was "born in Mexico, which is a poor country" —— say nothing about the district court's likely willingness to impose a lower sentence under an advisory set of Guidelines. Moreover, Cano-Robledo is unable to point to anything in the record supporting such a conclusion.[18]

Cumulatively, however, Cano-Robledo's remaining arguments are more persuasive. First, Cano-Robledo points out that at his sentencing, the district court seemed to express sympathy for the harsh sentence compelled by the Guidelines. In response to Cano-Robledo's complaint that he would be sentenced to "57 to 71 months only for intending to come here to work to do something for [his] son" while "people who bring drugs across are getting 22 months," the court stated that it "understand[s his] concerns." Nevertheless, said the court, "you have to understand that the law is the law. . . . [E]very time you cross [the border illegally], based on the laws of the United States, the sentence just increases and increases and increases." Second, Cano-Robledo contends that the district court's decision to order his § 1326(a) and revocation sentences to run concurrently "demonstrate[s] that it believed the revocation offense warranted a lesser sentence than called for by the advisory revocation guidelines." That, insists Cano-Robledo, demonstrates "at least a reasonable probability that, had it understood all the guidelines to be advisory, the court would have

---

[18] See Mares, 402 F.3d at 521.

shown leniency regarding [his § 1326(a)] sentence as well." Finally, Cano-Robledo emphasizes the fact that the district court sentenced him at the bottom of the Guidelines' sentencing range.

Taken individually, each of Cano-Robledo's arguments would fail.[19] But taken together, it is at least arguable that the record demonstrates a sufficient probability that the "sentencing judge —— sentencing under an advisory [Guidelines] scheme rather than a mandatory one —— would have reached a significantly different result."[20] We need not, however, resolve this question because, even if Cano-Robledo has met his burden under plain error review, he has not presented sufficiently extraordinary circumstances for us to consider his Booker claim. In fact, he has made no effort to explain how his circumstances are extraordinary. We therefore conclude that he has not met his burden.

---

[19] Cf. United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005) (reasoning that "[t]he fact that the sentencing judge imposed the minimum sentence under the Guideline range . . . alone is no indication that the judge would have reached a different conclusion under an advisory scheme") (emphasis added).
    Contrary to Cano-Robledo's argument, Bringier is not distinguishable. The differences between this case and Bringier —— for example, that Bringier was a "large-scale drug trafficker" while Cano-Robledo is "an illegal alien who merely crossed the border to see his family" —— have no bearing on the question whether we may infer from a Guidelines-minimum sentence that Cano-Robledo would have been sentenced differently under an advisory scheme. The significance of any factual differences is, of course, borne out in the sentences imposed: Bringier was sentenced to a Guideline-minimum 30 years' imprisonment, compared to Cano-Robledo's 57 months. Yet, in neither case may we conclude that the district court would have imposed a lesser sentence under an advisory scheme.

[20] Id.

Cano-Robledo concludes by disagreeing with the mechanics of the plain error standard we announced in <u>Mares</u>. He recognizes that our precedent forecloses this argument, but nonetheless raises the point to preserve a challenge to our plain error standard. <u>Mares</u> is the settled law of this Circuit, however, and we may revisit it only <u>en banc</u> or following a Supreme Court decision that actually or effectively overturns it.[21]

## III.   CONCLUSION

As Cano-Robledo has not demonstrated extraordinary circumstances or other grounds for relief, we AFFIRM his sentence. The Government's pending motions to reinstate our prior affirmance and, in the alternative, to extend time to file its supplemental brief, are DENIED as moot.

---

[21] <u>See</u> <u>Hogue v. Johnson</u>, 131 F.3d 466, 491 (5th Cir. 1997).

9