REVISED November 26, 2007

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-10041
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL DEVAIN SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-152-ALL

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael Devain Smith appeals the sentence that he received upon the revocation of his supervised release. At the sentencing hearing, Smith requested a sentence within the range of four to ten months imprisonment recommended in U.S.S.G. § 7B1.4 (policy statement). He argues on appeal that the sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed by the district court of twenty-four months' imprisonment and thirty-six months supervised release is unreasonable.

A large portion of Smith's brief is dedicated to his argument regarding the proper standard of review for his claim that his revocation sentence is unreasonable. He argues that after United States v. Booker, 543 U.S. 220 (2005), sentences imposed upon revocation of supervised release should be reviewed under the "reasonable" standard of review instead of the "plainly unreasonable" standard which we applied before Booker. See United States v. Headrick, 963 F.2d 777 (5th Cir. 1992). He also claims that this court's holding in United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), extends to revocation sentences such that a district court is required to carefully articulate its reasons when imposing a revocation sentence outside of the section 7B1.4 range. Finally, Smith argues that a revocation sentence within the statutory maximum allowed is not necessarily reasonable.

This court has yet to decide which standard of review is applicable to revocation sentences. See United States v. Jones, 484 F.3d 783, 791-92 (5th Cir. 2007) (recognizing that there is a circuit split regarding the standard of review for revocation sentences, but declining to reach the issue because the appellant did not preserve the objection, so his complaint was subject to "plain error" review). We decline to address this issue now as Smith's argument fails under both the "reasonable" and the "plainly unreasonable" standards of review. The record demonstrates that the district court considered the relevant 18 U.S.C. § 3553(a) sentencing factors as well as the section 7B1.4 range and the policy statement when making its decision. At the sentencing hearing, the district court listed the numerous supervised release conditions that Smith violated, and stated that the prison sentence would serve as a proper punishment and a deterrent from criminal activity, and that the supervised release was necessary because Smith remained a danger to the community. Smith does not contest

that validity of the alleged violations, nor does he argue that they are irrelevant or that the district court's reasoning is flawed. He merely makes the wholly conclusory arguments that the sentence is too long and that the district court did not reasonably apply the section 3553 factors. The district court plainly recognized that the section 7B1.4 range was four to ten months and provided sufficient reasons for the sentence it imposed, and Smith's argument that his sentence is unreasonable fails under either of the potential standards of review.

Smith asserts in a footnote that his section 7B1.4 range was determined in violation of his Fifth and Sixth amendment rights based on admitted facts for which he maintained "no right of jury trial, indictment, or proof beyond a reasonable doubt." He does not brief this issue sufficiently and has waived any such argument. See United States v. Thames, 214 F.3d 608, 612 n.3 (5th Cir. 2000) (finding that a party's argument was deemed waived because it was not listed in the "Statement of Issues Presented for Review" or addressed in the body of his brief). For purposes of preservation for further review, Smith also asserts that applying a presumption of reasonableness to sentences within a properly calculated guidelines range is unconstitutional. Because Smith's revocation sentence exceeded the section 7B1.4 range, such a presumption is not relevant to his case.

Accordingly, the district court's judgment is
AFFIRMED.