# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2011

Lyle W. Cayce
Clerk

No. 09-50746
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE MICHAEL BYRON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-307-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

George Michael Byron appeals the 48-month sentence of imprisonment and the three-year term of supervised release imposed following the revocation of his sentence of probation. The five-year probation sentence was imposed after he pleaded guilty to making a false statement in connection with the purchase of a firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Byron argues that the sentence was greater than necessary to meet the goals of 18 U.S.C. § 3553(a) and was unreasonable under the *Booker*[1] reasonableness standard or the plainly unreasonable standard. He asserts that the 21-27-month sentence recommended by the policy statement would be sufficient for his probation violation because he had received a received a separate sentence for the underlying violation of possession of cocaine. He also contends that the three-year term of supervised release is greater than necessary in light of his earlier supervised period on probation.

Because Byron did not object to the reasonableness of the sentence in the district court, review is for plain error. *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). Where a defendant violates a condition of probation prior to the expiration or termination of the term of probation, the district court may, after conducting a hearing, and after considering the factors set forth in § 3553(a), revoke the term of probation and resentence the defendant. 18 U.S.C. § 3565(a). Upon revocation of probation, the district court can impose any sentence that falls within the authorized statutory maximum sentence, and it is not bound by the advisory policy statements recommending revocation sentences. *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009); *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008).

Byron's conduct constituted serious violations of the trust placed in him by the district court in imposing a sentence of probation and supported a sentence above the range recommended by the policy statement. *See United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992). The record reflects that the district court considered the relevant factors stated in § 3553(a), including Byron's personal and criminal history, his need for drug rehabilitation, and a sentence sufficient to deter Byron's further recidivism. Byron's challenge to the three-year term of supervised release is not convincing in light of his failure to

---

[1] 543 U.S. 220 (2005).

comply with the conditions of release during the five-year sentence of probation. The district court explained that it was imposing a three-year term of supervised release so that Byron would be held accountable for any further violations and to provide Byron with an incentive to be a law-abiding citizen.

The district court clearly considered the relevant § 3553(a) factors and imposed a reasonable sentence below the statutory maximum. *McKinney,* 520 F.3d at 427. Byron did not demonstrate that the district court committed plain error in imposing sentence. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). The revocation sentence is AFFIRMED.