# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2024

Lyle W. Cayce
Clerk

No. 23-10866
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Leoncio G. Aguilar,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-41-5

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Leoncio G. Aguilar appeals the 24-month, above-guidelines sentence imposed after the district court revoked his term of supervised release. He contends the sentence is substantively unreasonable because the district court based his sentence on improper factors, namely the need to reflect the

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

seriousness of his underlying violations, impose just punishment for his conduct, and promote respect for the law, under 18 U.S.C. § 3553(a)(2)(A). Aguilar further argues that his advisory guidelines range of imprisonment was appropriate, and the district court erred in balancing the statutory sentencing factors. He also challenges the extent of the district court's upward variance.

Although Aguilar's request for a lower sentence and objection that his sentence was substantively unreasonable were sufficient to preserve a general substantive reasonableness claim, *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-77 (2020), they were not sufficient to preserve the specific claim that the district court impermissibly considered the § 3553(a)(2)(A) factors, *see United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). Therefore, we will review this argument for plain error only. *See id.*; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Aguilar admitted that he possessed a controlled substance, namely cocaine; thus, he violated the mandatory condition of his supervised release that prohibited the unlawful possession of a controlled substance. Aguilar's revocation was therefore mandatory under 18 U.S.C. § 3583(g). *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015); *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir. 1992). In any event, the record does not reflect that the § 3553(a)(2)(A) factors were dominant factors in imposing Aguilar's sentence. *See United States v. Rivera*, 784 F.3d 1012, 1016-17 (5th Cir. 2015); *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011); *see also United States v. Sanchez*, 900 F.3d 678, 684 & n.5 (5th Cir. 2018). Furthermore, the record demonstrates that the court considered Aguilar's conduct of reentering the United States following deportation in the context of "his propensity to commit future crimes and/or threaten public safety," which are "permissible purposes of a revocation sentence," *Sanchez*, 900 F.3d at 685; *see also* § 3553(a)(2)(B)-(C). Aguilar has failed to show that the district court committed a clear or obvious error. *See Puckett*, 556 U.S. at 135.

No. 23-10866

Next, inasmuch as Aguilar argues that his advisory guidelines range was appropriate and the district court erred in balancing the statutory sentencing factors, we review his preserved argument for an abuse of discretion. *See Holguin-Hernandez*, 140 S. Ct. at 766; *Sanchez*, 900 F.3d 685. The record does not demonstrate that the district court erred in balancing the applicable § 3553(a) factors, and we will not reweigh the factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Finally, Aguilar fails to show that the district court abused its discretion in imposing the 24-month sentence, as his sentence is well within the range of upward variances that we have previously affirmed. *See*, *e.g.*, *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012).

The district court's judgment is AFFIRMED.